OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Petitioners seek in these proceedings to invalidate designating petitions filed with the Suffolk County Board of
 
 *610
 
 Elections by the three respondents, each of whom seeks the Conservative Party nomination for District Court Judge in this year’s primary election. -
 

 The petition sets forth several grounds for invalidation, but Trial Term dismissed the petition in its entirety after a hearing. It held that the court lacked jurisdiction because, the proceedings were governed by subdivision (b) of section 6204.1 of the Rules and Regulations of the State Board of Elections and petitioner had not complied with it. The rule requires service of specification of objections on respondents on or before the date of filing any specifications with the election board (see 9 NYCRR 6204.1 [b]). Notwithstanding its ruling, the court considered the several objections in the petition and found that none required invalidation. On appeal, the Appellate Division affirmed holding that Trial Term correctly applied the State rule. It did not rule on petitioner’s specific objections.
 

 By its terms, rule 6204.1 (b) only applies to the State Board of Elections. The applicable statute provides that county boards may adopt their own rules (Election Law, § 6-154, subd 2) and local boards are not subject to the State rules unless they elect to follow them. Inasmuch as there is no local rule requiring service of specification of objections on respondents, the Appellate Division should have passed upon petitioner’s objections to the petition. Since the parties agree that there are no disputed facts, we now do so.
 

 Petitioner first maintains that since respondents are not enrolled members of the Conservative Party, they may not become candidates of it under the party’s rules without a certificate of resolution. No certificate is required, however, because the rules are in conflict with the express provisions of subdivision 4 of section 6-120 of the Election Law which excludes judicial candidates from such a requirement. The rules are therefore invalid (see
 
 Matter of Grancio v Coveney,
 
 60 NY2d 603).
 

 Second, petitioner contends that certain signatures are void because the signers listed only the street address, election district and town of residence without listing the hamlet of their residence. The information supplied met the requirement of subdivision 1 of section 6-130 of the
 
 *611
 
 Election Law that the signer’s “town or city” be designated on the petition.
 

 Third, petitioner contends that several sheets witnessed by Raymond Nugent, Jr., were void because he was not an enrolled member of the Conservative Party when he executed them (see Election Law, § 6-132, subd 2). The facts established that in 1980 Nugent was registered in the Town of Babylon as a member of the Democratic Party. Around Memorial Day in 1981 he moved to Montauk, New York, and in November of 1981 he moved to his present address at West Jslip. On July 7, 1983, he registered as a member of the Conservative Party and on July 20 and 26, 1983 he circulated and witnessed the disputed petitions. He did not vote in the 1981 or 1982 elections. Pursuant to the provisions of subdivision 2 of section 5-400 of the Election Law, Nugent’s registration was canceled when he moved his residence in 1981 without transferring his registration. Accordingly, when he registered and enrolled in 1983, he was a new voter and his registration and enrollment took effect immediately (Election Law, § 5-300). Thus, he was qualified under the statute to witness designating petitions for the Conservative Party and the challenged petitions are valid.
 

 Finally, petitioner contends that signatures witnessed by Mary Hynes are invalid because she signed the sheets as a witness after the name of Eleanor Fries was crossed out in the body of the witnessing clause and her own name, Mary Hynes, was printed above it. The cross out was not initialed or explained on the sheet. There is no evidence that the alteration was made by anyone other than the subscribing witness or that it resulted in any fraud or confusion and it does not require invalidation of the petitions (see
 
 Matter of Waible v Dosberg,
 
 83 AD2d 983, affd 54 NY2d 780).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order affirmed, without costs, in a memorandum.