■ In the Matter of JOHN CHEEVERS, Respondent, v GREGORY GATES et al., Constituting the Board of Elections of the County of Broome, Respondents, and FRANK J. BERTONI, JR., et al., Appellants. [646 NYS2d 726] —Per Curiam. Appeal from a judgment

of the Supreme Court (Monserrate, J.), entered August 12, 1996 in Broome County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the office of Supervisor for the Town of Union in the September 10, 1996 primary election.

Petitioner seeks to become the Democratic Party candidate for the office of Supervisor of the Town of Union, Broome County. To this end, he filed a designating petition with the Broome County Board of Elections (hereinafter the Board) containing 676 signatures; notably, 500 valid signatures are required (see, Election Law § 6-136). Respondents Frank J. Bertoni, Jr. and John Bertoni (hereinafter collectively referred to as respondents) subsequently filed written objections and specifications to the designating petition, 186 of which were sustained by the Board on July 31, 1996, thereby rendering petitioner's designating petitioner invalid, by 10 signatures.

On August 5, 1996, petitioner commenced a validation proceeding to validate his designating petition. Respondents cross-petitioned arguing that petitioner's designating petition was properly invalidated. In opposition to the cross petition, petitioner asserted that it was untimely. Supreme Court granted petitioner the relief sought in his application and dismissed the cross petition as untimely. Respondents appeal.

Initially, we note that petitioner raises several challenges to the signatures invalidated by the Board. Of these, we find one persuasive. The Board invalidated 19 signatures because the signatories failed to identify the particular geographic area within the Town of Union in which they reside. We find that Supreme Court properly vacated the Board's invalidation of these 19 signatures inasmuch as the information supplied by the signatories (i.e., that each lived in the Town of Union) satisfied the mandates of Election Law § 6-130 (1) (see, Matter of Grancio v Coveney, 60 NY2d 608, 610). Since the addition of these signatures raised the number of valid signatures in the designating petition to 509, we agree with Supreme Court that the proceeding commenced by petitioner sufficiently stated grounds for validation of the designating petition.

Turning next to the cross petition, we agree with Supreme Court's conclusion that it was untimely filed. Pursuant to Election Law § 16-102 (2), respondents had 14 days from the last date for filing designating petitions to commence a proceeding to invalidate the petition. Respondents did not file a challenge to the designating petition by this 14-day deadline. We need not address the question of whether respondents were entitled

to the three-day extension provided for by Election Law § 16-102 (2) (*but see, Matter of Rapp v Wright*, 218 AD2d 776 [three-day extension applicable]; *Matter of Godzisz v Mohr*, 197 AD2d 839 [three-day extension inapplicable]), since the cross petition would have been untimely filed in any event. A proceeding pursuant to Election Law § 16-102 is not a proceeding to challenge a determination by a board of elections, but a proceeding to challenge the designating petition itself. Objectors should commence a proceeding to invalidate a designating petition within the applicable statutory period in order to protect their rights even if the Board has not rendered a decision (*see, e.g., Matter of Krupczak v Mancini*, 153 AD2d 785, 786). Consequently, we reject respondents' argument that they were not required to file a petition to invalidate signatures previously found by the Board to be invalid.

Cardona, P. J., Crew III, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.