OPINION OF THE COURT
John R. LaCava, J.
Petitioner Patrick J. Hinkley commenced this proceeding to invalidate the petition designating respondent John C. Lentz as the Democratic Party candidate for the Dutchess County Legislature, District No. 5.
At the outset and to the extent objected to by Mr. Lentz, the court finds that it has jurisdiction over him. As provided by the order to show cause allowed by this court on July 29, 1999, petitioner “personally” served (see, CPLR 308) Mr. Lentz with a copy of the order to show cause and the papers upon which it is based when, on July 30, 1999, a process server left a copy of same with Mr. Lentz’s mother, Florence Lentz, at Mr. Lentz’s residence after having waited for Mr. Lentz to arrive between the hours of 5:00 p.m. and 10:45 p.m. (See, CPLR 308 [2].) Service was complete when, on August 3, 1999, the substituted service was followed up by a mailing to his residence.
The dispositive issue in this case is whether placing “Poughkeepsie” under the column in the designating petition asking for “Town or City”, without specifying whether it is the City or the Town of Poughkeepsie violates section 6-130 of the Election Law. The court finds that it does not.
Section 6-130 of the Election Law requires, among other things, that signers of designating petitions indicate their “town or city”. While it is well established that “[t]he failure of the signers to provide the ‘town or city’ of residence is a fatal defect and renders the designating petition invalid” (Matter of Scamacca v Mahoney, 104 AD2d 730 [4th Dept 1984], citing Matter of McKeever v Hornidge, 306 NY 876, and Matter of Frome v Board of Elections, 57 NY2d 741, 742), the same cannot be said about one’s failure to specify whether the “town or city” filled in on the petition is that of the city or the town which share the name, such as Poughkeepsie. Such a designation, perhaps preferred, is not required under Election Law § 6-130. Wdiile the failure to distinguish between the respective city or town might make it more difficult to establish fraud and to quickly verify signatures, it is far from impossible to do so, *923 and to do so in a timely fashion. Furthermore, it is no more onerous than the difficulties that are created by allowing signatories to omit their hamlet as part of their address (see, Matter of Grancio v Coveney, 60 NY2d 608 [Court rejected the argument that a signer should include his or her hamlet along with the name of the town]).
Having rejected this argument, the petition is dismissed since respondent Lentz still maintains 163 signatures where 72 are needed.