■ In the Matter of FRANCES SIEMS, Respondent, v JUSTIN N. LITE et al., Appellants, et al., Respondents. [763 NYS2d 501] —In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Justin N. Lite as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Independence Party as its candidate for the public office of Supervisor of the Town of Islip, Michael W. Studley as a candidate in the same primary election for the nomination of the Independence Party as its candidate for the public office of Receiver of Taxes of the Town of Islip, and George Nolan, Michael C. Kennedy, and William J. Condon in the same primary election for the nomination of the Independence Party as its candidates for the public office of District Court Judge, Fifth District, Town of Islip, the appeal is from a final order of the Supreme Court, Suffolk County (Catterson, J.), dated August 7, 2003, which granted that branch of the petition which was to invalidate the designating petitions on the grounds of noncompliance with the rules of the New York State Board of Elections and the Suffolk County Board of Elections regarding the utilization of petition volume identification numbers, and denied, as academic, the respondents' cross motion to dismiss the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, to be held with all due speed.

The Supreme Court erred in granting that branch of the petition which was to invalidate the designating petitions on the grounds of noncompliance with the rules of the New York State Board of Elections and the Suffolk County Board of Elections regarding the utilization of petition volume identification numbers (see 9 NYCRR 6215.3 [f]). There is no justification for invalidating the designating petitions under those rules, which are to be liberally construed (see 9 NYCRR 6215.6 [a]), where there has been substantial compliance and there is no evidence of confusion either by potential voters or the Board of Elections (see Matter of Most v Walker, 297 AD2d 356 [2002]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the cross motion to dismiss, and, if necessary, a hearing with respect to the remaining is-

sues raised in the pleadings. Santucci, J.P., Florio, Friedmann, Crane and Mastro, JJ., concur.