■ In the Matter of STEVEN J. GONZALEZ, Respondent, v CHARLES D. LAVINE, Appellant, et al., Respondent. [820 NYS2d 616]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Charles D. Lavine as a candidate in a primary election to be held on September 12, 2006, for the nomination of the Independence Party as its candidate for the public office of Member of Assembly, 13th Assembly District, Charles D. Lavine appeals from (1) an order of the Supreme Court, Nassau County (Shifrin, Ct Atty Ref), dated August 2, 2006, which, after a hearing, determined that there were only 102 valid signatures in the designating petition, and (2) a final order of the same court (Brandveen, J.), dated August 7, 2006, which, upon the order dated August 2, 2006, granted the petition and invalidated the designating petition.

Ordered that the appeal from the order dated August 2, 2006, is dismissed, without costs or disbursements; and it is further,

Ordered that the final order dated August 7, 2006, is reversed, on the law, without costs or disbursements, the order dated August 2, 2006, is vacated, the petition is denied, the proceeding is dismissed, and the Nassau County Board of Elections is directed to place the name of Charles D. Lavine on the appropriate ballot.

The appeal from the intermediate order dated August 2, 2006, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final order (*see* CPLR 5501 [a] [1]).

Election Law § 6-130 provides that "a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed." There is no requirement, however, that a signer list the hamlet or particular geographic area within the town or city in which he or she resides (*see Matter of Grancio v Coveney*, 60 NY2d 608, 610-611 [1983]; *Matter of Cheevers v Gates*, 230 AD2d 948, 949 [1996]). Thus, under the circumstances here, the Supreme Court improperly determined that five signatures were invalid because the signers either omitted or incorrectly listed the hamlet within the town in which they reside. Since the signers

provided all the information required by Election Law § 6-130, including their correct street addresses and the towns in which they reside, their signatures were valid. Counting these five signatures, the designating petition contained the requisite number of valid signatures.

In light of the foregoing, we need not reach the appellant's remaining contention. Florio, J.P., Krausman, Goldstein, Mastro and Lunn, JJ., concur.