■ In the Matter of RICHARD A. MAGELANER et al., Respondents, v TERENCE Y. PARK, Appellant, and JOHN BENA et al., Respondents. (Proceeding No. 1.) In the Matter of TERENCE Y. PARK, Appellant, et al., Petitioners, v RICHARD A. MAGELANER et al., Respondents. (Proceeding No. 2.) [819 NYS2d 488]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Terence Y. Park as a candidate in a primary election to be held on September 12, 2006, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 22nd Assembly District, and a related proceeding, inter alia, to validate his designating petition, Terence Y. Park appeals (1) from a final order of the Supreme Court, Queens County (Hart, J.), dated August 7, 2006, and entered in proceeding No. 1, which, after a hearing, granted the petition to invalidate and restrained the Board of Elections of the City of New York from placing his name on the appropriate ballot, and (2), as limited by his brief, from so much of a final order of the same court, also dated August 7, 2006, and entered in proceeding No. 2, as denied the petition to validate and dismissed that proceeding.

Ordered that the final order entered in proceeding No. 1 is reversed, on the law and the facts, without costs or disbursements, the petition to invalidate is denied, and proceeding No. 1 is dismissed; and it is further,

Ordered that the final order entered in proceeding No. 2 is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition to validate is granted, and the Board of Elections of the City of New York is directed to place the name of Terence Y. Park on the appropriate ballot.

Terence Y. Park's amended cover sheet was in substantial compliance with the Election Law and the rules promulgated by the Board of Elections of the City of New York (hereinafter the Board) and presented no danger of fraud or confusion either to the Board or to the voters (*see* Election Law § 6-134 [10]; 9 NYCRR 6215.6 [a]; *Matter of Pearse v New York City Bd. of Elections*, 10 AD3d 461, 462 [2004]; *Matter of Siems v Lite*, 307 AD2d 1016 [2003]; *Matter of Most v Walker*, 297 AD2d 356, 357 [2002]; *Matter of Jonas v Black*, 104 AD2d 466 [1984], *affd* 63 NY2d 685 [1984]). As a result, the Supreme Court erred in granting the petition to invalidate the designating petition (*see* 9 NYCRR 6215.7 [d]) and in denying the petition to validate the designating petition (*see Matter of Pearse v New York City Bd. of Elections*, 10 AD3d at 462). Prudenti, P.J., Adams, Luciano, Skelos and Lifson, JJ., concur.