■ In the Matter of ALAN SORENSEN et al., Respondents, v TIMOTHY E. HILL et al., as Commissioners of the Sullivan County Board of Elections, et al., Respondents, and TIMOTHY E. HILL, as Representative of Unnamed Candidates of the Independence Party on the Opportunity to Ballot Petition for the Office of Sullivan County Legislator in the 2nd, 3rd and 9th Legislative Districts, Appellant. [841 NYS2d 407]—Per Curiam. Appeal from a judgment of the Supreme Court (Sackett, J.), entered August 23, 2007 in Sullivan County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the petition for the opportunity to ballot for the Independence Party nomination for the office of Sullivan County Legislator in the 2nd, 3rd and 9th Legislative Districts in the September 18, 2007 primary election.

On July 26, 2007, an opportunity to ballot petition was filed with the Sullivan County Board of Elections (hereinafter Board) on behalf of unnamed and undesignated candidates for the Independence Party for the office of, among others, Sullivan County Legislator in the 2nd, 3rd and 9th Legislative Districts in the September 18, 2007 primary election. General objections

to this petition were then filed on July 27, 2007 and July 30, 2007, followed by specifications on August 2, 2007. On August 15, 2007, the two members of the Board reached different conclusions concerning the objections pertaining to the aforementioned legislative positions, resulting in that part of the petition being deemed valid. On August 17, 2007, petitioners, as designated candidates for such offices, commenced this proceeding pursuant to Election Law § 16-102 challenging the validity of the petition. Following proceedings before Supreme Court, the opportunity to ballot petition was ruled invalid. This appeal, brought by respondent Timothy E. Hill in his capacity as the representative of unnamed candidates on the opportunity to ballot petition, ensued.

Hill asserts that Supreme Court erred in rejecting his argument that the proceeding was untimely commenced because it was not brought within 14 days of the last date to file the opportunity to ballot petition. Upon our review of the record and controlling legal precedent, we find that the proceeding is, in fact, untimely. Election Law § 16-102 (2) provides, in relevant part, that "[a] proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later," which includes an opportunity to ballot petition (see *Matter of Garrow v Mitchell*, 112 AD2d 1104, 1105-1106 [1985], *lv denied* 65 NY2d 607 [1985]). The last day to file the opportunity to ballot petition in this case was July 26, 2007, the date that it was actually filed (see Election Law § 6-158 [4]). However, the order to show cause commencing this proceeding was not signed until August 17, 2007, which is more than 14 days later.

Although the proceeding was commenced within three days of the Board's decision on the petition, the extension afforded by this provision of Election Law § 16-102 (2) is inapplicable inasmuch as the Board did not invalidate the petition (see *Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 709 [2005], *lv denied* 5 NY3d 707 [2005]). Notably, as this Court observed in *Matter of Cheevers v Gates* (230 AD2d 948, 950 [1996]), "[a] proceeding pursuant to Election Law § 16-102 is not a proceeding to challenge a determination by a board of elections, but a proceeding to challenge the . . . petition itself." As such, a party challenging a petition must do so "within the applicable statutory period in order to protect [his or her] rights even if the Board has not rendered a decision" (*id.* at 950). Thus, petitioners should have commenced this judicial proceed-

ing within the 14-day period regardless of when the Board rendered its decision and, because they did not, this proceeding must be dismissed as untimely (*see e.g. Matter of Lewis v Garfinkle*, 32 AD3d 548 [2006]; *compare Matter of Naples v Swiatek*, 286 AD2d 567 [2001], *lv denied* 96 NY2d 718 [2001]).

Cardona, P.J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.