OPINION OF THE COURT
David I. Schmidt, J.
In this proceeding brought pursuant to article 16 of the Election Law to declare valid the designating petition purporting to name Royston Antoine for the public office of Member of Assembly from the 55th Assembly District in the primary election to be held on September 10, 2008, and respondents having moved to dismiss the petition, and petitioner having moved for an order granting the petition, the court finds as follows:
Petitioner has failed to name the qualified objectors Ruby Boyland and Barbara Hawkins in this proceeding and has further failed to serve a copy of the petition upon said qualified objectors. It is well-settled that, as a general rule, qualified objectors are necessary parties in a proceeding to validate a designating petition and the failure to name and serve such qualified objectors is a jurisdictional defect that requires dismissal of the validating petition (Matter of Gadsen v Board of Elections of City of N.Y., 57 NY2d 751, 751-752 [1982]; Matter of Straniere v Molinaro, 286 AD2d 686 [2001]). Underlying this rule is the recognition that
“[i]t would be a dangerous policy which would permit the filers of stricken designating petitions to *300 prosecute judicial proceedings to validate them without notice to the objector or joining him as a party to the proceedings [since] [t]he objector is the active person who has brought about the administrative determination which is under attack” (Matter of Butler v Hayduk, 37 NY2d 497, 499 [1975]).
This is especially true inasmuch as “the Board of Elections may adopt, a neutral stance or be limited in the arguments they address . . . [and] [t]hey should not be relied on solely to carry the litigation burden” (id.).
However, the general rule that qualified objectors are necessary parties in a validating proceeding is not inflexibly applied. Hence, when the policy concerns underlying the rule are not implicated, there are instances when a qualified objector is not a necessary party. For example, if the unnamed/unserved objector was unsuccessful before the Board of Elections and the candidate’s designating petition was defeated due to the actions of other objectors, then the unnamed/unserved objector is not a necessary party (Matter of Dioguardi v Donohue, 207 AD2d 922, 923 [1994]; see also Matter of Gartner v Salerno, 74 AD2d 958, 959 [1980], lv denied 49 NY2d 704 [1980]). Similarly, if the unnamed/unserved objector’s objections were not reviewed by the Board of Elections and the aggrieved candidate himself presented the issues for review before the Board, the objector is not a necessary party (Matter of Straniere v Cutolo, 42 NY2d 984, 986 [1977]).
Here, the qualified objectors were unsuccessful before the Board of Elections in the City of New York. In particular, the confirmed clerk’s report indicates that the Board of Elections found, after reviewing the specifications filed by the objectors, that the candidate had 526 valid signatures, 26 more than needed to qualify for placement on the primary ballot for the member of assembly public office. Thus, it was not the actions of the qualified objectors that caused the Board of Elections’ determination regarding the insufficiency of the candidate’s designating petition. Instead, the Board made an independent determination that the designating petition was fatally defective inasmuch as petitioner failed to include an identification number on his cover sheet in violation of the New York State Board of Elections Regulations (9 NYCRR part 6215), and that petitioner failed to cure this defect within three days after *301 notification by the Board.[1] In fact, but for the actions of the Board, it can be definitively stated that petitioner would have appeared on the ballot inasmuch as the specification filed by the qualified objectors failed to reduce the number of valid signatures below the requisite number needed and no invalidating proceeding has been commenced. Furthermore, this is not a case where the Board of Elections has adopted a neutral stance considering that the Board’s sua sponte determination resulted in striking the designating petition. Indeed, the Board, of its own volition, took affirmative steps to invalidate the designating petition based upon an apparent belief that its ministerial duties required such action. Accordingly, the court finds, under the unique circumstances of this case, that the failure to name and serve the qualified objectors is not fatal to the validating petition.
In addition to the necessary party issue set forth above, the court must also address a further procedural matter before determining the merits of the validating petition. In particular, respondents maintain that the special proceeding was not properly commenced under CPLR 304 inasmuch as petitioner failed to file the executed order to show cause and petition with the clerk of the court (i.e., the county clerk). Prior to 2001, CPLR 304 provided in pertinent part that “[a] special proceeding is commenced by filing a notice of petition or order to show cause and a petition . . . [with] the clerk of the court in the county in which the . . . special proceeding is brought.” Thus, the failure to file the executed order to show cause with the county clerk deprived the court of subject matter jurisdiction to entertain the petition (Matter of Zicari v Stewart, 207 AD2d 951 [1994]; Matter of Clendenin v Starkweather, 207 AD2d 949 [1994]).
However, in 2001, CPLR 304 was amended to state that “[a] special proceeding is commenced by filing a petition.” One commentator notes that the amendment occurred “because the requirement to file a notice of petition or order to show cause was causing many problems” (Aloe, 2006-2007 Survey of New York Law, Civil Practice, 58 Syracuse L Rev 713, 718 [2008]). “One of the complications that the amendment remedied was the former requirement of filing a signed order to show cause with the petition” (Matter of Antine v City of New York, 14 Misc 3d 161, 172 [2006]). Thus, there is no longer any requirement *302 that an executed order to show cause be filed with the county clerk in order to commence a special proceeding. Accordingly, the court has jurisdiction and must address the merits of the petition since the qualified objectors were not necessary parties in this case and the validating proceeding was properly commenced under CPLR 304.
The Appellate Division, Second Department, in a case directly on point with the instant matter found reversible error when the court below invalidated a designating petition on the grounds that a candidate violated New York State Board of Elections rules by failing to utilize petition volume identification numbers (Matter of Siems v Lite, 307 AD2d 1016 [2003], lv dismissed 100 NY2d 614 [2003], lv denied 100 NY2d 510 [2003]). Specifically, the Second Department succinctly stated that “[t]here is no justification for invalidating the designating petitions under those rules, which are to be liberally construed” (id.; see also Matter of Magelaner v Park, 32 AD3d 487 [2006]; Matter of Pearse v New York City Bd. of Elections, 10 AD3d 461, 462 [2004]). That ruling and its progeny are in accord with basic policy considerations which disfavor the disenfranchisement of potential voters based upon de minimis cover sheet errors which hold no potential to cause confusion amongst said voters or the Board of Elections.[2]
In addition, there is no merit to the Board’s argument the Si-ems case is somehow distinguishable from the situation here because the Board of Elections sent out a notice to cure the cover sheet defect and petitioner failed to avail himself of this alleged opportunity. The Second Department, as noted above, ruled that there is “no justification” for invalidating a designation petition based upon the violation of the cover sheet rule involved in both Siems and the instant case and the Board of Elections’ notice to cure cannot serve to justify the unjustifiable (Siems, 307 AD2d at 1016). Moreover, the Board of Elections in the City of New York apparently made a similar argument in Pearse but the Second Department nevertheless ruled that “[t]he petitioner’s amended cover sheet was in substantial compliance with the Election Law and the rules promulgated by *303 the Board of Elections of the City of New York” (Matter of Pearse, 10 AD3d at 462).[3]
Under the circumstances, the Board of Elections erred in striking the designating petition based upon the defect in the cover sheet.
It is therefore ordered that respondents’ motion to dismiss the petition is denied, and the petition to validate is hereby granted, and it is further ordered that respondent Board of Elections in the City of New York shall place on the ballot for the aforesaid primary election the name of the candidate Royston Antoine.

. Petitioner, though, disputes that he received notice to cure the cover sheet defect in a timely manner.

. The court notes that the cover sheet in question clearly stated the name of the candidate, the assembly district for which he was running, and the county in which the assembly district is located.

. The Pearse court in dicta noted that, “[i]n any event, the petitioner was neither notified of the Board’s determination nor afforded the opportunity to cure the purported defect” (Matter of Pearse at 462).