■ In the Matter of SHIRA KRANCE, Appellant, v PAUL S. CHIARAMONTE et al., Respondents. [928 NYS2d 480]—

Election Law § 6-134, which pertains to designating petitions, states, in pertinent part, "(10) [t]he provisions of this section shall be liberally construed, not inconsistent with substantial compliance thereto." Here, the cover sheets of the designating petitions, as they related to Paul S. Chiaramonte (hereinafter the candidate), substantially complied with the requirements of the Election Law and the regulations of the New York State Board of Elections, to allow for the Rockland County Board of Elections (hereinafter the Board of Elections) to cumulatively count the signatures within the subject designating petitions to reach the required minimum number of valid signatures (*see* Election Law § 6-134 [10]; 9 NYCRR 6215.6 [a]; *see also Matter of Siems v Lite*, 307 AD2d 1016 [2003]; *Matter of Most v Walker*, 297 AD2d 356, 357 [2002]). In any event, the candidate was not notified of, and given the opportunity to cure, the purported defect, as required (*see Matter of Pearse v New York City Bd. of Elections*, 10 AD3d 461 [2004]).

We do not reach the Board of Elections' contention pertaining to the invalidation of the candidate's Working Families Party designating petition, as it is not properly before this Court. Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.