(August 15, 2013)

■ In the Matter of GARETT ARMWOOD et al., Appellants, v JOHN P. MCCLOY, JR., Respondent, et al., Respondents. [970 NYS2d 802]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John P. McCloy, Jr., as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 5th Legislative District, the petitioners appeal from (1) a decision of the Supreme Court, Nassau County (Driscoll, J.), dated August 6, 2013, and (2) a final order of the same court entered August 7, 2013, which, after a hearing, in effect, denied the petition to invalidate the designating petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition to invalidate the designating petition is granted, and the Nassau County Board of Elections is directed to remove the name of John P. McCloy, Jr., from the appropriate ballot.

Election Law § 6-134 (2) provides, in pertinent part: "Sheets of a designating petition shall be delivered to the board of elections in the manner prescribed by regulations that shall be promulgated by the state board of elections . . . Such regulations shall be no more restrictive than is reasonably necessary

for the processing of such petitions by the board . . . When a determination is made that a designating petition does not comply with such regulations, the candidate shall have three business days from the date of such determination to cure the violation."

In addition, the New York State Board of Elections has enacted various regulations in compliance with the provisions of Election Law § 6-134 (2) (*see* 9 NYCRR part 6215). 9 NYCRR 6215.1 requires, inter alia, that petitions with 10 or more pages contain a cover sheet, and that two or more petition sheets be securely fastened together. 9 NYCRR 6215.7 (d), among other things, reiterates the provision of Election Law § 6-134 (2) that, when a board of elections determines that a designating petition does not comply with the regulations, the candidate shall have three business days to cure the violation.

Here, the designating petition, which contained multiple volumes, was originally delivered to the Nassau County Board of Elections (hereinafter the Board) without a cover sheet. Additionally, the sheets of the petition were not bound together. The Board notified the candidate of these violations. Within three days, he filed purported "amended" cover sheets and attached them to photocopies of the sheets of the designating petition. The Board accepted the designating petition.

We are mindful that the provisions of Election Law § 6-134 "shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud" (Election Law § 6-134 [10]; *see* 9 NYCRR 6215.6 [a]) in order to avoid the disenfranchisement of voters. However, although certain "[c]over sheet deficiencies may be corrected by the filing of an amended cover sheet" (9 NYCRR 6215.7 [d]; *see Matter of Magelaner v Park*, 32 AD3d 487, 488 [2006]), a candidate may not "amend" a cover sheet which was never filed in the first place, as was the case here.

"The three-day cure provision for designating petitions (Election Law § 6-134 [2]) is available for technical violations of the regulations" (*Matter of May v Daly*, 254 AD2d 688, 689 [1998]). In the instant case, however, the candidate's initial failure to file a cover sheet was not a mere technical defect subject to cure pursuant to Election Law § 6-134 (2) (*cf. Matter of May v Daly*, 254 AD2d at 689; *Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d 921, 923 [1995]). To the contrary, the absence of a cover sheet, especially where, as here, the designating petition contained multiple volumes that were unbound, constituted a complete failure to comply with the requirements set forth in 9 NYCRR 6215.1, which may not be cured pursuant

to Election Law § 6-134 (2) and 9 NYCRR 6215.6 (*cf. Matter of Magelaner v Park*, 32 AD3d at 488; *Matter of Siems v Lite*, 307 AD2d 1016 [2003]). Such failure undermines procedural safeguards against both fraud and confusion (*see* Election Law § 6-134 [10]; 9 NYCRR 6215.1, 6215.6; *cf. Matter of Siems v Lite*, 307 AD2d 1016 [2003]; *Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d at 923; *Matter of Hogan v Goodspeed*, 196 AD2d 675, 677-678 [1993], *affd in part, appeal dismissed in part* 82 NY2d 710 [1993]). Further, the failure to attach a cover sheet to a designating petition containing multiple volumes could serve to frustrate the filing of general objections pursuant to Election Law § 6-154 and bring to a grinding halt the objection process in the context of the Election Law, which operates under strict time limits. We note that any language to the contrary in *Matter of McDonough v Scannapieco* (65 AD3d 647, 648 [2009]) is dicta.

Accordingly, the Supreme Court should have granted the petition to invalidate the designating petition.

The petitioners' remaining contentions are without merit. Rivera, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.