Judgment, Supreme Court, Bronx County (John W. Carter, J.), entered August 9, 2013, which granted the motion to confirm the referee’s report and denied the application to validate the candidacy of appellant for the Democratic party nomination for the public office of Member of the City Council from the 16th Council District, unanimously reversed, on the law, without costs or disbursements, the motion denied and the petition to validate granted, and the Board of Elections is directed to place the name of petitioner appellant on the ballot.
The Board of Elections issued two notices of noncompliance relating to defects in the candidate’s cover sheet. The Board of Elections stipulated at the hearing before the referee that one notice was a nullity since it was undated. The other notice, dated July 15, 2013, indicated that the cover sheet failed to comply with New York State Board of Elections regulations in that the “Candidate must file a single cover sheet with all volumes and correct identification numbers and Cover sheet does not specify a position.” Under the Rules of the State Board of Elections in 9 NYCRR 6215.7 (d), “[a] candidate may, within three business days of the date of a determination that the petition does not comply with these regulations, cure the violation of these regulations.”
On July 16, 2013, petitioner filed an amended cover sheet. *425 Notwithstanding, on July 17, 2013, the Board of Elections issued a letter informing the petitioner that “at a meeting held on July 17, 2013, [the Commissioners of Elections] determined that [petitioner] will not appear on the ballot for the September 10, 2013 Primary Election since the Amended Cover Sheet filed did not comply with the New York State Election Law.” The letter specifically noted that petitioner failed to comply with rule C2 (a) of the Designating Petition Rules of the Board of Elections “in that the name of the political party was not stated.” (Board of Elections in the City of New York, Designating Petition and Opportunity to Ballot Petition Rules for the Sept. 10, 2013 Primary Election at 4 [adopted Apr. 16, 2013], available at http://vote.nyc.ny.us/downloads/pdf/documents/boe/ 2013SeptemberPrimaryElection/Final%20PRE-CLEARED %20and%20ADGPTED%20-%20Sept%2010%202013%20 PRIMARY%20-Desgingating%20%200TB%20Rules.pdf.)
We find that the Board of Elections failed to give petitioner the requisite three business days to cure the defect in her cover sheet. While petitioner did submit an amended cover sheet on July 16, 2013, the time to cure any and all defects was set to expire on July 18, 2013. As a result, the Board of Elections failed to comply with its own rules when it issued the letter on July 17, 2013, declaring that petitioner would not be placed on the ballot. Further, the record indicates that the Board of Elections did not notify petitioner of the specific defect that formed the basis of noncompliance since the undated notice was nullified by stipulation, and the notice dated July 15, 2013 did not include this defect. Thus, the Supreme Court could not properly determine that petitioner was notified.
Accordingly, the petitioner was not given the full statutory opportunity to cure the purported defect in the cover sheet nor was she properly notified as required by the Rules of the Board of Elections (see Matter of Pearse v New York City Bd. of Elections, 10 AD3d 461 [2d Dept 2004]; Matter of Krance v Chiaramonte, 87 AD3d 669 [2d Dept 2011], lv denied 17 NY3d 706 [2011]). It was error for the Board of Elections to remove the candidate from the ballot. Concur — DeGrasse, J.R, Richter, Manzanet-Daniels, Feinman and Clark, JJ.