In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating the petitioners as candidates in a primary election to be held on September 10, 2013, for the nominations of the Republican Party as candidates for the party positions of members of the Republican County Committee for certain Election Districts within the 43rd Assembly District, the petitioners appeal from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 6, 2013, which, after a hearing, denied the petition and dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
*911 Initially, we note that this appeal has not been rendered academic. Although the relevant primary election was held on September 10, 2013, there were no other candidates for the subject party positions. Thus, if the petitioners’ designating petitions were found to be valid, the petitioners would have been deemed to have been elected to the relevant party positions in the primary election held on September 10, 2013, without balloting (see Election Law §§ 2-120, 6-160 [2]; cf. Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 623 [2012]; Matter of Hackett v Egan, 196 AD2d 870 [1993]).
On July 11, 2013, the petitioners attempted to file with the Board of Elections in the City of New York (hereinafter the Board) their designating petitions as candidates for the party positions of members of the Republican County Committee for certain Election Districts within the 43rd Assembly District. Their designating petitions were joined in one volume and accompanied by a five-page cover sheet that listed each of the candidates, grouping them by Election District. At the end of each Election District row was a box in which a check mark could be placed. The cover sheet instructed that if a mark were placed inside the box, then the specified candidates’ designating petitions included the number of signatures required by law. It further instructed that the absence of a check mark “shall signify that petitions for the candidates set forth in the specified election district are not hereby filed and should be disregarded as void.” The petitioners failed to place a check mark in the boxes next to their respective names, and the Board disregarded their designating petitions as void and did not accept them for filing. The petitioners subsequently commenced this proceeding seeking to validate their respective designating petitions.
The Supreme Court properly denied the petition and dismissed the proceeding. Although the provisions of the Election Law “shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud” (Election Law § 6-134 [10]; see 9 NYCRR 6215.6 [a]), this matter does not involve a mere technical defect subject to cure pursuant to Election Law § 6-134 (2) (see Matter of Armwood v McCloy, 109 AD3d 558 [2013]; cf. Matter of Krance v Chiaramonte, 87 AD3d 669 [2011]; Matter of Magelaner v Park, 32 AD3d 487, 488 [2006]; Matter of Pearse v New York City Bd. of Elections, 10 AD3d 461, 462 [2004]; Matter of Siems v Lite, 307 AD2d 1016 [2003]; Matter of Most v Walker, 297 AD2d 356, 357 [2002]). Rather, the express terms of the cover sheet drafted and submitted by the petitioners directed the Board to disre *912 gard the designating petitions as void and not accept them for filing. To hold that the designating petitions were nonetheless filed would undermine procedural safeguards against both fraud and confusion, as election officials and interested parties could not have understood the designating petitions actually to have been filed (cf. Election Law § 6-134 [10]; 9 NYCRR 6215.1, 6215.6; Matter of Pecoraro v Mahoney, 65 NY2d 1026, 1028 [1985]; Matter of Armwood v McCloy, 109 AD3d 558 [2013]). Balkin, J.P., Austin, Roman and Cohen, JJ., concur.