In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Joseph Hayon as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 44th Council District, the Board of Elections in the City of New York appeals, as limited by its brief, from so much of a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 9, 2013, as, after a hearing, granted that branch of the petition which was to validate the petition designating Joseph Hayon as a candidate in the primary election to be held on September 10, 2013, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 44th Council District, and the petitioner, Joseph Hayon, cross-appeals, as limited by his brief, from so much of the same final order as denied that branch of his petition which was to invalidate the petition designating David Greenfield as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Independence Party as its candidate for the public office of Member of the New York City Council, 44th Council District.
Ordered that the final order is affirmed, without costs or disbursements.
*921 Initially, we note that this appeal and cross appeal have not been rendered academic. Although the relevant primary election was held on September 10, 2013, Joseph Hayon was the only person who filed a designating petition for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 44th Council District, and David Greenfield was the only person who filed a designating petition for the nomination of the Independence Party as its candidate for the public office of Member of the New York City Council, 44th Council District. Thus, if either or both designating petitions were found to be invalid, the subject candidate’s name could be removed from the ballot in the general election to be held on November 5, 2013 (see Election Law § 16-102; Matter of Lord v New York State Bd. of Elections, 98 AD3d 622 [2012]; Matter of Hackett v Egan, 196 AD2d 870 [1993]).
Election Law § 6-134, which pertains to designating petitions, states, in pertinent part, “[t]he provisions of this section shall be liberally construed, not inconsistent with substantial compliance thereto” (Election Law § 6-134 [10]). Here, contrary to the contention of the Board of Elections in the City of New York (hereinafter the Board), the amended cover sheet of the designating petition, as it related to Hayon, substantially complied with the requirements of the Election Law and the regulations of the New York State Board of Elections, despite Hayon’s listing of two volumes on his amended cover sheet which were not filed as part of his designating petition (see Election Law § 6-134 [10]; 9 NYCRR 6215.6 [a]; see also Matter of Krance v Chiaramonte, 87 AD3d 669 [2011]; Matter of Magelaner v Park, 32 AD3d 487 [2006]; Matter of Pearse v New York City Bd. of Elections, 10 AD3d 461 [2004]; Matter of Siems v Lite, 307 AD2d 1016 [2003]; Matter of Most v Walker, 297 AD2d 356, 357 [2002]; Matter of Ardesia v Seidel, 242 AD2d 343 [1997]). In any event, we find that Hayon was not actually notified of, and given the opportunity to cure, the purported “extra volumes” defect of the amended cover sheet, as required by the Rules of the Board (see 9 NYCRR 6215.7 [b]; Matter of Krance v Chiaramonte, 87 AD3d at 669; Matter of Pearse v New York City Bd. of Elections, 10 AD3d at 462). Accordingly, the Supreme Court correctly granted that branch of Hayon’s petition which was to validate his designating petition.
Election Law § 6-130 provides that “[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed.” These requirements must be strictly complied with, *922 as it is a matter of prescribed, content (see Matter of DiSanzo v Addabbo, 76 AD3d 655, 656 [2010]). Contrary to Hayon’s contention, the Supreme Court correctly found that the designating petition submitted by Greenfield complied with Election Law § 6-130, by indicating each signer’s respective street address and the county within the City of New York in which the signatory resided (see Matter of Gonzalez v Lavine, 32 AD3d 483, 484-485 [2006]). Accordingly, the Supreme Court correctly denied that branch of Hayon’s petition which was to invalidate Greenfield’s designating petition. Mastro, J.E, Dillon, Angiolillo and Dickerson, JJ., concur.