# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

836

CAE 14-01403

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF MARK D. ZALOCHA,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

RICKY T. DONOVAN, SR., PUTATIVE CANDIDATE FOR
INDEPENDENCE PARTY FOR NEW YORK STATE SENATE,
63RD DISTRICT, RALPH M. MOHR AND DENNIS E. WARD,
AS COMMISSIONERS OF ELECTIONS AND CONSTITUTING
ERIE COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS.

---

CONNORS & VILARDO, LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR
PETITIONER-APPELLANT.

JENNIFER P. STERGION, BUFFALO, FOR RESPONDENT-RESPONDENT RICKY T.
DONOVAN, SR., PUTATIVE CANDIDATE FOR INDEPENDENCE PARTY FOR NEW YORK
STATE SENATE, 63RD DISTRICT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS RALPH M. MOHR AND DENNIS E.
WARD, AS COMMISSIONERS OF ELECTIONS AND CONSTITUTING ERIE COUNTY BOARD
OF ELECTIONS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered August 4, 2014 in a proceeding pursuant to Election Law article 16. The order dismissed the petition to invalidate a certain designating petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking an order invalidating a designating petition filed on July 10, 2014, pursuant to which respondent Ricky T. Donovan, Sr. (candidate) sought to be placed on the Independence Party primary election ballot as a candidate for New York State Senate, 63rd District. Petitioner contends that Supreme Court erred in determining that he did not effectuate proper service of his objections on the candidate. We reject that contention. With respect to general objections, the Erie County Board of Elections (Board) adopted a rule requiring "[t]he objector [to] serve a copy of the objection either (a) personally or by (b) certified mail, or (c) registered mail, to each candidate named on the petition who is the subject of the objection." Contrary to

petitioner's contention, the Board had the authority to adopt such a rule (*see* Election Law § 6-154 [2]; *see also* 9 NYCRR 6204.1; *see generally Matter of Grancio v Coveney*, 60 NY2d 608, 610).  There is no dispute that petitioner failed to comply with the above rule.

Entered:  August 20, 2014                    Frances E. Cafarell
                                             Clerk of the Court