Matter of Saunders v Egriu (2020 NY Slip Op 02752)





Matter of Saunders v Egriu


2020 NY Slip Op 02752


Decided on May 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


560.2 CAE 20-00547

[*1]IN THE MATTER OF LISA SAUNDERS, PETITIONER-RESPONDENT,
v
EMIN EDDIE EGRIU, RESPONDENT-APPELLANT, NEW YORK STATE BOARD OF ELECTIONS, AND PETER S. KOSINSKI, DOUGLAS KELLNER AND ANDREW SPANO, COMMISSIONERS OF AND CONSTITUTING THE NEW YORK STATE BOARD OF ELECTIONS, RESPONDENTS.






JAMES OSTROWSKI, BUFFALO, AND JEFFREY M. BINDER, P.C. & ASSOCIATES, WHITE PLAINS, FOR RESPONDENT-APPELLANT.
JEROME D. SCHAD, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered April 28, 2020 in a proceeding pursuant to Election Law article 16. The order granted the petition and invalidated the designating petition of respondent Emin Eddie Egriu. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking to invalidate the designating petition pursuant to which Emin Eddie Egriu (respondent) sought to be placed on the June 2020 primary election ballot for the Democratic Party as a candidate for the office of Representative in Congress from the 26th Congressional District of New York.
On the last day for filing a designating petition, respondent filed three volumes of signature sheets, with separate cover sheets for each volume. The cover sheet for the first volume was labeled "Libertarian Party" and stated that it was volume one of three. The cover sheets for the second and third volumes were labeled "Democratic Party" and stated that they were volumes two of three and three of three, respectively. Respondents New York State Board of Elections, Peter S. Kosinski, Douglas Kellner and Andrew Spano, Commissioners of and constituting the New York State Board of Elections (Board), thereafter sent respondent two notices informing him that his Libertarian Party designating petition and his Democratic Party designating petition both failed to comply with regulations regarding the volume numbers listed on the cover sheets (see generally 9 NYCRR 6215.2 [a]), and giving him three business days to cure the defects. The following business day, respondent filed three new cover sheets, which were titled "amended" cover sheets. The first was labeled "Libertarian Party" and stated that it was volume one of one. The second and third were labeled "Democratic Party" and stated that they were volumes one of two and two of two, respectively. The Board ultimately determined that the amended cover sheets were sufficient and the designating petitions were presumptively valid.
In her petition to invalidate respondent's designating petition, petitioner alleged that the three volumes constitute an improper multiparty designating petition. Petitioner further alleged that respondent failed to file a timely Democratic Party designating petition because the cover sheet to the first volume identified all three volumes as a single petition for the Libertarian Party, which is a fatal defect not subject to cure. Supreme Court invalidated the designating petition and directed the Board to remove respondent's name from the ballot for the Democratic Party primary. Respondent appeals, and we affirm.
"The three-day cure provision for designating petitions (Election Law § 6-134 [2]) is available for technical violations of the regulations" (Matter of May v Daly, 254 AD2d 688, 689 [4th Dept 1998], lv denied 92 NY2d 806 [1998]). The errors in the originally-filed cover sheets here, however, were not mere violations "of some technical requirement having no logical bearing upon the underlying purpose of preventing fraud" (Matter of Hogan v Goodspeed, 196 AD2d 675, 678 [3d Dept 1993], affd in part and appeal dismissed in part 82 NY2d 710 [1993]). The cover sheets identified one petition only, and the cover sheet to the first volume labeled it a petition for the Libertarian Party. To permit respondent to submit amended cover sheets after the deadline for filing designating petitions in order to separate volumes two and three of the originally-filed petition into a new petition for the Democratic Party "would undermine procedural safeguards against both fraud and confusion" inasmuch as the original filing would lead interested parties to conclude that no separate Democratic Party designating petition had been filed (Matter of Balberg v Board of Elections in the City of N.Y., 109 AD3d 910, 912 [2d Dept 2013]). Thus, contrary to respondent's contention, because the errors in the original cover sheets could "serve to frustrate the filing of general objections pursuant to Election Law § 6-154," they were not technical violations subject to cure (Matter of Armwood v McCloy, 109 AD3d 558, 560 [2d Dept 2013], lv denied 21 NY3d 861 [2013]), and the court therefore properly granted the petition.
Contrary to respondent's further contention, the regulatory provisions at issue here do not violate the First Amendment of the United States Constitution. It is well settled that "when a state election law imposes only reasonable, nondiscriminatory restrictions' upon First and Fourteenth Amendment rights, then the State's important regulatory interests are generally sufficient to justify the restrictions' " (Lerman v Board of Elections in City of N.Y., 232 F3d 135, 145 [2d Cir 2000], cert denied 533 US 915 [2001], quoting Burdick v Takuski, 504 US 428, 434 [1992]; see Prestia v O'Connor, 178 F3d 86, 88 [2d Cir 1999], cert denied 528 US 1025 [1999]). We conclude that the reasonable and nondiscriminatory restrictions here impose a minimal burden on candidates and are rationally related to the State's interest in "facilitat[ing] the discovery of fraud and irregularity in designating petitions" (Matter of Staber v Fidler, 65 NY2d 529, 534 [1985]; see Matter of Carnahan v Ward, 44 AD3d 1249, 1250 [4th Dept 2007]).
Entered: May 13, 2020
Mark W. Bennett
Clerk of the Court