Matter of Francois v Rockland County Bd. of Elections (2022 NY Slip Op 03190)

Matter of Francois v Rockland County Bd. of Elections

2022 NY Slip Op 03190

Decided on May 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2022-03320
 (Index No. 300/22)

[*1]In the Matter of Eudson Tyson Francois, appellant,
v
Rockland County Board of Elections, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Eudson Tyson Francois as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 97th Assembly District, Eudson Tyson Francois appeals from a final order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated May 4, 2022. The final order, after a hearing, denied the petition, inter alia, to validate and dismissed the proceeding.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to validate is granted, and the Rockland County Board of Elections is directed to place the name of Eudson Tyson Francois on the appropriate ballot.
The petitioner, Eudson Tyson Francois, filed a petition with the respondent Rockland County Board of Elections (hereinafter the Board) designating him as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 97th Assembly District. Thereafter, the respondents Brittany David and Carmel Reilly (hereinafter together the objectors) each filed objections with the Board challenging certain signatures on a variety of grounds. The Board sustained many of the objections, and determined that the petitioner had an insufficient number of valid signatures and his name would not appear on the ballot.
The petitioner then commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition by filing, among other documents, a petition, denominated as a verified petition, naming the objectors and the Board as respondents (hereinafter the validating petition). The petitioner signed the validating petition, swore to its contents under penalties of perjury, and took an oath in the presence of a notary public before signing the validating petition, as evidenced by a jurat executed by the notary. After the petitioner effectuated service upon all respondents in compliance with the Supreme Court's directives, the objectors' counsel sent him a letter rejecting the validating petition as a nullity on the grounds that it lacked a verification. Following a hearing, the court issued a final order denying the validating petition and dismissing the proceeding on the ground that the validating petition lacked a verification. The court also determined that, if the validating petition were to be considered on the merits, then it should be granted because the petitioner had the requisite number of valid signatures on his designating petition. The petitioner appeals.
"Section 16-116 of the Election Law requires that a special proceeding brought under article 16 of the Election Law shall be heard upon a verified petition. The requirement is [*2]jurisdictional in nature" (Matter of Niebauer v Board of Elections in the City of N.Y., 76 AD3d 660, 660 [citation and internal quotation marks omitted]). However, the objection to the alleged lack of verification of the validating petition was waived by the objectors' failure to raise that objection with due diligence as required by CPLR 3022 (see Matter of Lee v Orange County Bd. of Elections, 164 AD3d 717, 718; Matter of Master v Pohanka, 44 AD3d 1050, 1052).
Moreover, the mere fact that a petition does not use the exact words set forth in CPLR 3021 does not mean that the petition is not verified, so long as the language used has the same effect as a verification (see CPLR 3021; cf. Matter of Alper v Hayduk, 71 AD2d 935; see generally Matter of Levine v Suffolk County Dept. of Social Servs., 164 AD3d 1446, 1447). Here, the language used in the validating petition had the same effect as a verification and, therefore, the validating petition was "verified" within the meaning of Election Law § 16-116.
The objectors' remaining contention is without merit.
We note that the objectors do not contest the Supreme Court's determination that the petitioner obtained the requisite number of valid signatures on his designating petition.
Accordingly, the Supreme Court should have granted the validating petition and directed the Board to place the petitioner's name on the appropriate ballot.
BARROS, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court