Matter of Sweet v Fonvil (2024 NY Slip Op 02654)

Matter of Sweet v Fonvil

2024 NY Slip Op 02654

Decided on May 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-03252
 (Index No. 32140/24)

[*1]In the Matter of Justin L. Sweet, petitioner-respondent,
v
Vilair Fonvil, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Justin L. Sweet as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Village Justice of the Village of Spring Valley, Vilair Fonvil appeals from a final order of the Supreme Court, Rockland County (Christie L. D'Alessio, J.), dated April 26, 2024. The final order, after a hearing, granted the amended petition, inter alia, to validate the designating petition and directed the Rockland County Board of Elections to place Justin L. Sweet's name on the ballot for the primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Village Justice of the Village of Spring Valley.
ORDERED that the final order is affirmed, without costs or disbursements.
On April 4, 2024, the petitioner filed a petition with the Rockland County Board of Elections (hereinafter the Board) designating himself as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Village Justice of the Village of Spring Valley. The petitioner required 407 signatures to become a candidate on the ballot for this public office, and he submitted a designating petition that contained 526 signatures. Vilair Fonvil (hereinafter the objector) filed General Objections to the designating petition with the Board on April 8, 2024, and thereafter filed Specifications of Objections to the designating petition on April 11, 2024. In a notice dated April 16, 2024, after reviewing the objections, the Board determined and reported to the petitioner and the objector that the designating petition was invalid. On April 17, 2024, the Board scheduled a hearing for April 24, 2024, on the objector's Specifications of Objections.
On April 18, 2024, the petitioner commenced this proceeding pursuant to Election Law § 16-102(2), inter alia, to validate his designating petition. That statute provides, among other things, that a proceeding with respect to the designation of any candidate for any public office may be instituted in the Supreme Court within 14 days after the last day to file the petition. On April 19, 2024, the petitioner amended the original petition, inter alia, to validate pursuant to Election Law § 16-102(2), which also provides that a proceeding with respect to the designation of any candidate for any public office may be instituted in the Supreme Court within three business days after the officer or board with whom or which a petition was filed makes a determination of invalidity with respect to such petition.
On April 24, 2024, the Board held a hearing at the request of the objector to review [*2]his Specifications of Objections with all parties present. Following the hearing, the Board concluded that the designating petition was still invalid and needed an additional 17 signatures to be declared valid.
Thereafter, the Supreme Court conducted a hearing. At the hearing, the objector withdrew on the record any arguments as "to this action's timeliness or the propriety of service and consented to the Court's jurisdiction." Upon a review of the Board's determinations, in a final order dated April 26, 2024, the court found that the designating petition contained 409 valid signatures, an excess of 2 valid signatures, granted the amended petition, inter alia, to validate the designating petition (hereinafter the validating petition), and directed the Board to place the petitioner's name on the ballot for the primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Village Justice of the Village of Spring Valley. The objector appeals. We affirm.
On appeal, the objector argues, inter alia, as follows: (1) the validating petition fails to allege with sufficient specificity and particularity the nature, grounds, or the basis to review the Board's determination; (2) the validating petition was not properly verified pursuant to CPLR 2106; and (3) incorrect addresses of two properly registered voters indicated on Sheet No. 34, signature lines 5 and 6, of the designating petition, listing 12 Collins Avenue, Spring Valley, instead of 10 Collins Avenue, Spring Valley, is a fatal defect requiring both signatures to be voided.
The general rule is that a validating petition "'must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated'" (Matter of Wagner v Elasser, 194 AD3d 891, 892, quoting Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486; see Matter of Krueger v Richards, 59 NY2d 680, 682). Under these circumstances, however, the Board's April 16, 2024 notice that the designating petition was invalid did not specify which objections were sustained and made only a determination that the designating petition was invalid without providing the petitioner with the basis for that determination. It was not until the Board's hearing on April 24, 2024, that the petitioner had sufficient notice of specificity of the Board's determinations. Thus, under the circumstances, the validating petition was sufficiently specific (see Matter of Bodkin v Garfinkle, 21 AD3d 571, 571-572).
Further, "'Section 16-116 of the Election Law requires that a special proceeding brought under article 16 of the Election Law shall be heard upon a verified petition'" (Matter of Francois v Rockland County Bd. of Elections, 205 AD3d 847, 848, quoting Matter of Niebauer v Board of Elections in the City of N.Y., 76 AD3d 660, 660). Pursuant to CPLR 2106 (as amended by L 2023, ch 559 [eff Jan. 1, 2024]), "[t]he statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit." Here, the petitioner attached a verification page to the validating petition, wherein he attested, in accordance with the form language provided under CPLR 2106, "I affirm this 18th day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law." Thus, contrary to the objector's contention, the validating petition was properly verified pursuant to CPLR 2106 (see L 2023, ch 559).
Contrary to the objector's contention, the Supreme Court correctly validated the signatures contained on Sheet No. 34, signature lines 5 and 6, of the designating petition. There was uncontradicted evidence before the court sufficient to support a finding that each of the challenged signers actually resided at the address set forth next to his or her signature and the address was within the political subdivision (see Matter of Hayon v Greenfield, 109 AD3d 920, 921-922).
The objector's remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted the validating petition.
BARROS, J.P., MILLER, WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court