■    In the Matter of CLAUDE BARTHOLOMEW, Respondent, v. VIOLA HORAN, Appellant.— Appeal from a judgment of the County Court of Schoharie County, entered September 4, 1970. Harriet Bartholomew Coons was the owner in fee of a farm located in the Town of Middleburgh. On January 25, 1957, pursuant to a contract made on July 22, 1949, she conveyed the farm to her son, George Bartholomew. The deed contained the following language: "Reserving, however, to the party of the first part, the right, as long as she shall live, to occupy

the house on the premises above described." George thereafter died and on March 2, 1961, Claude Bartholomew, the petitioner herein, purchased the farm from the administratrix of his father's estate. Harriet Coons, who is presently 82 years of age, has resided on the farm for 34 years with the last 20 of those years following the decease of her husband. Since the time of her husband's death, she has always had a relative living with her and when her granddaughter left about nine years ago, Mrs. Coons asked her daughter, Viola Horan, to live with her. This she has done without objection from the owners of the fee until the present litigation. About eight years ago, Harriet Bartholomew Coons remarried. She moved in with her husband, but left her furniture and clothing in the farmhouse. She continued, however, to reside at her old house a good part of the summer and on weekends during the winter. Viola Horan continued to reside at the house throughout the year. Viola Horan keeps her mother's house clean, stocks the refrigerator, brings oil and gas to cook with, does necessary repairs and cares for her mother's two cats. The family physician who attends Mrs. Coons testified that due to her medical condition she was not capable of housework and could not, by herself, maintain a home; and that although her husband helped her at his house, she needed help at the farm since her husband did not accompany her when she stayed there. He further testified: " The farm is her home. We have people who pass away because they get homesick for something. That happens to be her home. Sometimes going to her home can do more for her than some of the medicine I can give her." The County Court concluded in its decision that the deed reserved to Mrs. Coons the right, as long as she shall live, to occupy the house on the premises. The court went on to state that while Mrs. Coons might be deemed to have a privilege of having visitors or a companion during her occupancy or visits to the farm, a question he did not pass upon, he concluded that such right, if it exists, should not be deemed to extend to Viola Horan the right to establish residence there. The court, therefore, rendered judgment removing Viola Horan from the premises and she appeals from this determination. We agree with the contention of the respondent herein that Mrs. Coons does not have a life estate in the house (see *Carpenter* v. *Carpenter,* 131 N. Y. 101; *Matter of Gaffers,* 254 App. Div. 448; *Matter of Rogers,* 251 App. Div. 478; *Rizzo* v. *Mataranglo,* 16 Misc 2d 20, affd. 16 Misc 2d 21, mot. for lv. to app. den. 285 App. Div. 814). This, however, is not dispositive of the issues raised. The nature of Mrs. Coons' right of occupancy contained in the reservation in the deed should be examined to see just what it encompasses. We must, therefore, look to the intention of the parties which is to be gathered from the words of the reservation, the entire instrument and the surrounding circumstances (see *Loch Sheldrake Assoc.* v. *Evans,* 306 N. Y. 297, 304–305). The reservation itself makes clear that Mrs. Coons had the right to live in the house for the rest of her life. There were no conditions attached to this right and thus she could live there in any manner in which she saw fit. She could live there full time or, as she has done since her remarriage, periodically. For some years prior to the conveyance, Mrs. Coons had a relative living with her; this was the situation when she conveyed the property to her son in 1957 and this situation continued thereafter. Thus, it seems obvious that the parties intended that Mrs. Coons have the right to have living with her a housekeeper-companion. It is clear that Mrs. Coons needs someone to care for her and the house when she is there; there is also a need for the house to be maintained and kept open in her absence, if she is to come and go as frequently as she may desire. Although it can be argued that Viola Horan's right to reside in the house should be limited to those times when Mrs. Coons is present, such an arrange-

ment would be impractical and would tend to effectively destroy Mrs. Coons' right. We conclude from the words of the reservations and from the surrounding circumstances at the time of its creation that it was the intention of the parties that Harriet Bartholomew Coons have the right to occupy the house for the rest of her life and as an implied and necessary incident to that right, the right to have a companion-housekeeper reside in the house. Reason and practicality dictate that appellant's occupancy be continuous even though Mrs. Coons' occupancy is not. This conclusion is in keeping with the rule that a reservation as well as a grant carries with it such implied incidents as are necessary to the proper and lawful exercise of the rights reserved and such a construction is essential to the full and perfect enjoyment of the property reserved (see 26 C. J. S., Deeds, § 140 (10), p. 1025). Judgment reversed, on the law and the facts, and petition dismissed, with costs. Aulisi, Greenblott and Sweeney, JJ., concur; Herlihy, P. J., concurs in a separate memorandum; Cooke, J., dissents and votes to affirm for the reasons stated in the opinion of the trial court. Herlihy, P. J., (concurring). I concur in the reversal of the judgment and dismissal of the petition. This was a proceeding whereby the respondent sought to eject the appellant from a farm house and to have himself placed in possession thereof. The right of the respondent to possession of the premises is necessarily dependent upon the reservation of a life interest in the respondent's grandmother, Harriet Coons, and such reservation is quoted in the majority opinion. Harriet Coons, however, was not made a party to this proceeding and accordingly her interest in the property could not be finally determined. The interest of the appellant in the premises is apparently that of a licensee of Harriet Coons. In the case of *Carpenter* v. *Carpenter* (131 N. Y. 101, 106, 110), the court was concerned with whether or not whatever rights had been granted to the widow were of such a nature as to convey a life estate or a fee interest in the entire homestead farm parcel and the so-called right of occupancy of a residence was not in issue. In the case of *Rizzo* v. *Mataranglo* (16 Misc 2d 20, affd. 16 Misc 2d 21, mot. for lv. to app. den. 285 App. Div. 814), the language whereby a life estate was claimed was only sufficient to be a license as to occupancy. Assuming that the reservation in favor of Mrs. Coons is vague, the record establishes that up to the time of this proceeding the respondent's predecessor in title, Mrs. Coons, and the respondent had, as a practical matter, construed the reservation as entitling Mrs. Coons to the exclusive possession of the premises and that construction should prevail. Accordingly, the respondent did not establish any present right in himself to the possession of the premises and, therefore, failed to establish such right, title and interest as would support an action in ejectment. The trial court should have dismissed the proceeding upon the merits.