■ In the Matter of HERBERT CARR, Respondent, v STANLEY HARWOOD et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents, and BENJAMIN EIGER et al., Constituting a Committee to Receive Notices, and GARY SEROTA, Appellants.—In a proceeding to invalidate petitions requesting "an opportunity to write in the name of an undesignated candidate" in the Liberal Party primary election to be held on September 12, 1978 for the public office of Member of the Assembly from the 18th Assembly District, the appeal is from a judgment of the Supreme Court, Nassau County, dated August 22, 1978, which declared the petitions invalid. Judgment affirmed, without costs or disbursements (see *Matter of Parola v Harwood,* 64 AD2d 933). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of JAMES M. CATTERSON, JR., Petitioner, v ROSE CARACAPPA, Appellant, et al., Respondents. In the Matter of ROSE CARACAPPA, Appellant, v WILLIAM R. BROWN et al., Respondents.—In consolidated proceedings, *inter alia,* to invalidate a petition filed for an "opportunity to ballot" in the Conservative Party primary election to be held on September 12, 1978 for the public office of Representative to the United States Congress from the 1st Congressional District, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 18, 1978, which, *inter alia,* dismissed the petition to invalidate the said petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remanded for a hearing with respect to the written objections filed by the appellant. Section 6-154 of the Election Law contains no requirement that the written (general) objections to any petition of nomination, which must be filed with the board within three days after the filing of the petition to which objection is made, must give, as Special Term declared in its judgment, any "hint at what the objections must be". Rather the section provides that "when such an objection is filed, specifications of the grounds of the objections shall be filed within six days thereafter with the same * * * board." Of course, the board could, under section 6-154, make rules in reference to the filing of such objections which would require the inclusion of some general grounds for the objections in the original "written objections". But the board here has not chosen to do so. Special Term cannot now impose such a condition. The appellant contends that specifications of the grounds of her objections were filed within the required period of six days after she filed her original objections. The respondents do not contradict that claim. The appellant should not be denied her day in court to present her proof in support of her written objections. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.