■ In the Matter of WILLIAM VAN STOCKUM, Respondent, v SUSAN R. CASTINE, Appellant, and Clinton County Board of Elections, Respondent. [630 NYS2d 811] —Per Curiam. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered August 7, 1995 in Clinton County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Susan R. Castine as the Democratic Party candidate for the office of Clinton County Clerk in the September 12, 1995 primary election, and (2) from an order of said court, entered August 9, 1995 in Clinton County, which denied respondent Susan R. Castine's counterclaim seeking an opportunity to ballot in the primary election.

On July 12, 1995, respondent Susan R. Castine filed a designating petition to place her name on the ballot as a candidate of the Democratic Party for the office of Clinton County Clerk. At the beginning of 1995, Castine was an enrolled member of the Republican Party. Shortly thereafter she filed papers with respondent Clinton County Board of Elections to have her enrollment changed to the Democratic Party. The papers were deposited in a sealed enrollment box, pursuant to Election Law § 5-304, which was not to be opened and entered until November 14, 1995. As a result, Castine remained a member of the Republican Party and, accordingly, the Democratic Party was required to file a certificate of authorization, pursuant to Election Law § 6-120, in order to validate Castine's designating petition as a Democratic Party candidate. This certificate was not filed and the last day to file was July 17, 1995.

Petitioner filed his objections to Castine's designating petition on July 20, 1995, specifically alleging that no authorization had been timely filed as required by Election Law § 6-120. Following a split decision by the Board of Elections, petitioner commenced this proceeding to invalidate Castine's designating petition for lack of a timely filed certificate of authorization pursuant to Election Law § 6-120. Supreme Court found this defect fatal and granted petitioner's application. In so doing, Supreme Court also found no merit to Castine's affirmative defenses, one of which interpreted Election Law § 6-154 as requiring the filing of "specifications" separate from petitioner's "objections". Supreme Court found no support for this defense since petitioner's "objection" stated its "specific" basis. Supreme Court further interpreted the fourth affirmative defense as a counterclaim requesting the affirmative relief of an opportunity to ballot, and reserved decision. Thereafter, Supreme Court denied the affirmative relief in a supplemental order. Castine appeals from both the judgment and order.

In our view, petitioner's document entitled "Objections to Designating Petitions" met the requirements of Election Law § 6-154 for both objections and specifications. The statute does not expressly require separate filings. The filing of the specific objection within the document which constitutes the general objection clearly met the "within six days thereafter" requirement which the statute allows for finding and filing specifications not set forth in the initial filing of general objections (cf., Matter of Catterson v Caracappa, 64 AD2d 935, lv denied 45 NY2d 707).

We also believe that Supreme Court properly denied Cas-

tine's request for the affirmative relief of an opportunity to ballot at the primary election. The failure to timely file the certificate of authorization required by Election Law § 6-120 was not a mere technicality, but was a fatal defect to a valid designating petition; therefore, an opportunity to ballot is inappropriate (see, *Matter of Plunkett v Mahoney*, 76 NY2d 848, 850, *modfg on dissenting mem below* 164 AD2d 976). Accordingly, the judgment and order appealed from should be affirmed.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed, without costs.