■ In the Matter of the Estate of JAN REYNOLDS, Deceased. ARTHUR REYNOLDS, Appellant-Respondent; MAY C. REYNOLDS et al., Respondents-Appellants. [836 NYS2d 97]—

Decree, Surrogate's Court, Bronx County (Lee L. Holzman, S.), entered May 3, 2006, which, inter alia, denied petitioner's motion to construe the Jan Reynolds 1995 Revocable Trust as permitting respondent only a right of occupancy forfeited by respondent's failure to reside at the subject property for a period of time, and denied respondents' motion to construe the trust as granting respondent Reynolds a life estate or a one-third fee simple interest in the property, unanimously modified, on the law, to grant respondents' motion insofar as to declare that respondent May C. Reynolds holds a one-third fee simple interest in the subject property as a tenant in common, and otherwise affirmed, without costs.

The Surrogate properly found that the right granted respondent Reynolds under the subject trust, "to reside in such residence property for as long as she shall so desire," was not forfeited by respondent's temporary, albeit extensive, stay in Tennessee. When construing a will or trust, the primary objective is to ascertain the intent of the grantor and effectuate the will's purpose. "This task is not furthered by rote ascription of technical meanings to terms regardless of context; instead, a sympathetic reading of the will as an entirety is required" (*Matter of Carmer*, 71 NY2d 781, 785 [1988] [internal quotation marks and citation omitted]; *see also Matter of Fabbri*, 2 NY2d 236 [1957]). Here, it is clear from the trust language that the grantor intended for Reynolds to maintain the property as her residence for as long as she desired. The property was Reynold's home for some 36 years during her marriage to decedent, and it

was plainly decedent grantor's desire that she not be divested of that home.

The trust, however, which does not contain language entitling Reynolds unconditionally to "use and occupy" the property, did not convey a life estate (*see Matter of Bartholomew v Horan*, 37 AD2d 643 [1971]; *Matter of O'Neil*, 8 AD2d 631 [1959]; *Rizzo v Mataranglo*, 16 Misc 2d 20, 21 [1953], *affd* 16 Misc 2d 21 [1954], *lv denied* 285 App Div 814 [1955]). Nevertheless, the trust did grant to the May C. Reynolds Fund a one-third (1/3) undivided interest in the home and then directed that "the Trustees shall pay over and distribute the May C. Reynolds Fund to the Grantor's wife, May." Thus, respondent possesses the one-third undivided interest in the home. "A tenancy in common exists when two or more persons each own and possess an undivided interest in property, real or personal" (*Chiang v Chang*, 137 AD2d 371, 373 n [1988]; *see also Von Bing v Mangione*, 309 AD2d 1038, 1040 [2003]). There is no indication here that there is a right of survivorship, and so respondent's interest is not a joint tenancy, but a tenancy in common, a fee simple interest. Concur—Friedman, J.P., Marlow, Williams, Buckley and McGuire, JJ.