■ CLARA TORRE, Appellant, v NICHOLAS GIORGIO et al., Respondents. [858 NYS2d 765]—

In an action to quiet title to real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 15, 2007, as granted the cross motion of the defendant Saverio Giorgio for summary judgment finding that he had a valid life estate in the subject property, granting him the right of possession, and directing the plaintiff to vacate the premises in the event that Saverio Giorgio provided her with 30 days' notice to vacate.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents Nicholas Giorgio and Dominick Giorgio.

The plaintiff initially commenced the instant action against only the defendants Nicholas Giorgio and Dominick Giorgio, claiming that she had sole title to the subject property. Those defendants asserted a counterclaim that any interest the plaintiff may have was subject to a life estate held by their father Saverio Giorgio. They claimed that Saverio Giorgio was a necessary party and counterclaimed for injunctive relief barring the plaintiff from interfering with the life estate. In reply, the plaintiff asserted, inter alia, that the defendants lacked standing to raise the issue of the life estate, and that the life estate was abandoned and void for vagueness.

The plaintiff was directed by the court to add Saverio Giorgio as a party defendant. In his answer, Saverio Giorgio asserted as an affirmative defense that any rights that the plaintiff may have in the subject property "are subject to the Life Estate reserved in favor of Saverio Giorgio," and cross-moved for summary judgment "for the exclusive right to reside in the Premises at issue." The order appealed from granted his cross motion. On appeal, the plaintiff contends that the Supreme Court improperly granted him affirmative relief.

Although Saverio Giorgio's claim of a life estate was denominated an affirmative defense rather than a counterclaim in his answer, an affirmative defense may be treated as a counterclaim although not so denominated (*see National Bank of Rochester v Erion-Haines Realty Co.,* 213 App Div 54 [1925]; *see Matter of Van Stockum v Castine,* 218 AD2d 915 [1995]). Further, pursuant to CPLR 3017 (a), a court may award undemanded relief if there is no substantial prejudice to an adverse party (*see Rebmann v Wicks,* 259 AD2d 972 [1999]; *Ressis v Mactye,* 98 AD2d 836, 837 [1983]). Under the circumstances of this case, the plaintiff suffered no substantial prejudice.

On appeal, the plaintiff does not challenge the validity of Saverio Giorgio's life estate, which was established by two deeds in the record. Further, the "substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life" (*see Matter of Carey,* 249 AD2d 542, 544 [1998]). Therefore, the Supreme Court properly concluded that Saverio Giorgio had the right of exclusive possession, and directed the plaintiff to vacate the premises in the event that he provided her with 30 days' notice to vacate.

The plaintiff's remaining contention is without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.