OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed without costs and occupant’s motion for summary judgment dismissing the petition is granted.
In this licensee summary proceeding (RPAPL 713 [7]), Peter Novakovic (occupant) moved for summary judgment dismissing the petition on the grounds that petitioner had no standing to maintain the proceeding, and that occupant’s father, who has a life estate in the property, had granted occupant a license to live in the subject premises for the duration of the father’s life. The Civil Court denied the motion, finding that there was a triable issue of fact as to whether the father had granted occupant such a license. We reverse.
The deeds submitted to the court clearly state that occupant’s father, a nonparty to this proceeding, has a life estate in the property. Indeed, petitioner does not dispute that the father is a life tenant, and that petitioner is a remainderman. “A life estate is more than merely a right of enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life” (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 35). The “substance of a life estate consists in the life tenant’s right to exclude all others from the possession of the subject property for the duration of his or her own life” (Torre v Giorgio, 51 AD3d 1010, 1011 [2008] [internal quotation marks and citation omitted]). Because the life tenant has the exclusive right to the property during his or her life, “the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land” during the term of the life tenancy (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 186). Therefore, as a remainderman, petitioner has no right to possession of the premises for the duration of the father’s life and, thus, no standing to bring this summary
*96 proceeding to recover possession. Accordingly, occupant’s motion for summary judgment should have been granted and the petition dismissed.
Golia, J.E, Pesce and Rios, JJ., concur.