OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this nonpayment summary proceeding, Eudokeja Luszcyk moved to dismiss the petition on the ground that petitioner lacked standing to commence the proceeding because Luszcyk has a life estate in the premises. Petitioner opposed the motion, arguing that a document entered into between the parties in May 1989 states that it “clarifies and explains ‘Life Estate’ clause in the . . . deed,” and provides that Luszcyk was to pay monthly rent to petitioner. The Civil Court granted Luszcyk’s motion and dismissed the petition.
“A life estate is more than merely a right of enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life” (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 35). The “substance of a life estate consists in the life tenant’s right to exclude all others from the possession of the subject property for the duration of his or her own life” (Torre v Giorgio, 51 AD3d 1010, 1011 [2008] [internal quotation marks omitted]). Because a life tenant has the exclusive right to the property during her life, “the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land” (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 184; see Novakovic v Novakovic, 25 Misc 3d 94 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
In Loch Sheldrake Assoc. v Evans (306 NY 297 [1954]), the Court of Appeals—after stating that “a reservation or grant in a deed, like every other contract must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law”—noted that the first rule of construction is *21 that “all evidence must be excluded which is offered to vary, explain or contradict a written instrument that was complete in itself and without ambiguity in its terms” (id. at 304-305 [internal quotation marks omitted]; see also Schweitzer v Heppner, 212 AD2d 835, 838 [1995]). In the case at bar, the deed conveying the property to petitioner subject to Luszcyk’s life estate in the first-floor apartment, as well as the prior deed from Luszcyk to petitioner’s predecessor, are clear and unambiguous. Therefore, the May 1989 document which purports to clarify and explain the life estate clause in petitioner’s deed cannot be considered to “vary, explain or contradict [the deed] that was complete in itself and without ambiguity in its terms” (see Loch Sheldrake Assoc. v Evans, 306 NY at 305). We note that a life estate in property can be created by a trust, deed or will (see 56 NY Jur 2d, Estates, Powers, and Restraints on Alienation §§ 36, 40), and is terminated upon the death of the life tenant, surrender or forfeiture by the life tenant, or due to a contingency contained in the instrument creating the life estate (see 56 NY Jur 2d, Estates, Powers, and Restraints on Alienation §§ 58-60). The aforementioned document fails to satisfy the requirements to be considered a deed under New York law (see 43 NY Jur 2d, Deeds § 9) and does not supersede the grant of the life estate to Luszcyk by the deed. Moreover, the words contained in the document do not act to surrender Luszcyk’s life estate to petitioner, or forfeit her life estate.
In view of the foregoing, Luszcyk did not terminate her life estate and, therefore, has the right to exclude all others from the possession of the premises. Consequently, as the remainder-man, petitioner has no right to possession of the premises and, therefore, lacks standing to bring this nonpayment summary proceeding (see Novakovic v Novakovic, 25 Misc 3d 94 [2009]).
Accordingly, the order is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.