# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1073**
**CA 16-00266**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE COMPULSORY ACCOUNTING OF
THE ADAM D. AND KRYSTYNA M. DIOGUARDI LIVING
TRUST U/A DTD. JANUARY 28, 1997.
------------------------------------------------ MEMORANDUM AND ORDER
NICOLE DIOGUARDI BECK, PETITIONER-APPELLANT;

KRYSTYNA M. DIOGUARDI, AS TRUSTEE OF THE ADAM D.
AND KRYSTYNA M. DIOGUARDI LIVING TRUST U/A DTD.
JANUARY 28, 1997, RESPONDENT-RESPONDENT.

---

MICHAEL J. KIEFFER, ROCHESTER, FOR PETITIONER-APPELLANT.

WEINSTEIN & RANDISI, ROCHESTER (RICHARD C. MILLER OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Monroe County (John M. Owens, S.), entered May 11, 2015. The order, among other things, ordered respondent to provide an accounting of the assets of the Adam D. and Krystyna M. Dioguardi Living Trust U/A DTD. January 28, 1997, from the date of death of Adam D. Dioguardi.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, one of the two surviving children of decedent, Adam D. Dioguardi, commenced this proceeding in Surrogate's Court seeking to compel an accounting of the Adam D. and Krystyna M. Dioguardi Living Trust U/A DTD. January 28, 1997 (Trust) from the time of decedent's incapacitation. Decedent and respondent, who is decedent's third wife and surviving spouse, created the Trust on January 28, 1997 and were named grantors therein. It is undisputed that decedent was rendered incapacitated by a stroke in January 2013. During his incapacitation and before his death on April 13, 2014, respondent made various transfers of Trust property to herself and/or third parties pursuant to her authority as trustee as well as pursuant to her authority as decedent's attorney-in-fact by virtue of a durable power of attorney. The Surrogate granted the petition in part by ordering respondent to provide an accounting only from the date of decedent's death. We affirm.

Petitioner contends that the Surrogate abused his discretion in refusing to order the accounting from the date of decedent's incapacity. We reject that contention. Contrary to petitioner's contention, the transactions undertaken by respondent as trustee

between the date of decedent's incapacity and the date of his death were entirely consistent with decedent's intent as evinced by " 'a sympathetic reading of the [Trust] as an entirety' " (*Matter of Reynolds*, 40 AD3d 320, 320, *lv denied* 9 NY3d 807).  We therefore see no basis for disturbing the court's order with respect to the time parameters of the accounting (*see generally* SCPA 2205 [1]; *Matter of Mastroianni*, 105 AD3d 1136, 1138).

Contrary to petitioner's further contention, inasmuch as respondent's actions as trustee were consistent with decedent's interest and intentions, the Surrogate did not abuse his discretion in denying petitioner's request to disqualify respondent's attorney, who also had represented decedent in preparing the Trust, based on an alleged conflict of interest (*see Matter of Richardson*, 43 AD3d 1352, 1353).

Entered:  December 23, 2016                      Frances E. Cafarell
                                                 Clerk of the Court