Joseph Fallarino, Respondent,
against
Michael Fallarino, Appellant.




Farrell Fritz, P.C. (Aaron E. Zerykier, Esq.), for appellant.
Joseph Fallarino, respondent pro se.

Appeal from an order of the District Court of Nassau County, First District (Douglas J. Lerose, J.), entered May 22, 2015. The order denied, without prejudice, tenant's motion to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is reversed, without costs, and tenant's motion to dismiss the petition is granted.
In 2002, petitioner's parents deeded the property at 134 Aster Drive, in New Hyde Park, New York, to petitioner and his brothers, retaining a life estate.
In April 2015, after his father's death, petitioner pro se commenced this holdover proceeding, in his own name, to terminate a tenancy at the premises granted to petitioner's nephew (tenant) by petitioner's brother, and to recover possession and a share of the rent already paid by tenant to his father and to another brother. Tenant interposed a general denial and five affirmative defenses, alleging, among other things, petitioner's lack of standing to commence the proceeding, and moved to dismiss the petition on that ground. By order entered May 22, 2015, the District Court (Douglas J. Lerose, J.), denied the motion without prejudice, and tenant appeals.
There is no dispute that petitioner's mother, a nonparty to the proceeding, has a life estate and that petitioner is merely a remainderman.
" A life estate is more than merely a right of enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life' (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 35). The substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life' (Torre v Giorgio, 51 AD3d 1010, 1011 [2008] [internal quotation marks and citation omitted]). Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 186). Therefore, as a remainderman, petitioner has no right to possession of the premises for the duration of the [mother's] life and, thus, no standing to bring this summary proceeding to recover possession" (Novakovic v Novakovic, 25 Misc 3d 94, 95-96 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Kurek v Luszcyk, 51 Misc 3d 19, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
The fact that petitioner may bear his mother's durable power of attorney does not permit him to commence this proceeding in his own name (see Key Bank of NY v Becker, 88 NY2d 899, 900 [1996] [an assignee and attorney-in-fact "does not have standing to bring (a summary) proceeding under the plain language of RPAPL 721"]; Ferro v Lawrence, 195 Misc 2d 529, 529 [App Term, 2d Dept, 9th & 10th Jud Dists 2002] [a landlord's attorney or agent "is not a person authorized to initiate a summary proceeding in his or her own name"]). Since a durable power of attorney creates only an agency relationship to the principal (see Matter of Perosi v LiGreci, 98 AD3d 230, 236 [2012]), petitioner gains no standing by virtue of that relationship. The deficiency would not be cured by amending the caption to name the proper party in interest (see Ferro v Lawrence, 195 Misc 2d 529) because "[a] person not licensed to practice law in the State of New York . . . may not appear pro se in court on behalf of a litigant as an attorney-in-fact pursuant to a power of attorney. A person who does so has unlawfully engaged in the unauthorized practice of law" (Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370 [2004]; see e.g. 91 E. Main St. Realty Corp. v Angelic Creations by Lucia, 24 Misc 3d 25, 28 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
Accordingly, the order is reversed and tenant's motion to dismiss the petition is granted.
Marano, P.J., and Iannacci, J., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017