## Matter of Giovinco v Lieberman

2024 NY Slip Op 31574(U)

May 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 510767/24

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 1st day of May, 2024.

P R E S E N T:

HON. PETER P. SWEENEY,
                Justice.

-----------------------------------------------------------------X

In the Matter of the Application of
STEPHANIE A. GIOVINCO and MAIA Y. YEDIN,

            Petitioners-Objectors,

         -against-

BENJAMIN J. LIEBERMAN,

           Respondent-Candidate,

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,

Index No.: 510767/24

For an order, pursuant to sections 16-100, 16-102, and 16-116 of the Election Law, declaring INVALID the designating petition purporting to designate Respondent-Candidate for the Public Office of Judge of the Civil Court of the City of New York, from Kings County, City And State of New York, Assigned Vacancy #11, in the June 25, 2024, Republican Party Primary Election, Enjoining Respondent BOARD OF ELECTIONS IN THE CITY OF NEW YORK from certifying the name Of Respondent-Candidate as an official candidate for Said Public Office in said Primary Election, and enjoining the BOARD OF ELECTIONS IN THE CITY OF NEW YORK from printing said name on ballots to be used at Said Primary Election.

-----------------------------------------------------------------X

[*1]

The following e-filed papers read herein:                    NYSCEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____          ____1, 2, 4____
Opposing Affidavits/Answer (Affirmations)_____          ____6, 7____
Affidavits/ Affirmations in Reply _____          _____
Other Papers:  __Letter to Court_____          ____17____

Upon the foregoing papers and upon oral argument conducted on the record on April 26, 2024, petitioners-objectors Stephanie A. Giovinco and Maia K. Yedin (petitioners-objectors) petition for an order declaring invalid respondent-candidate Benjamin J. Lieberman's designating petition for the public office of Judge of the Civil Court of the City of New York, from Kings County, City and State of New York, Assigned Vacancy #11, in the June 25, 2024, Republican Primary Election. Respondent-candidate moves for an order, pursuant to CPLR 3211 (a), dismissing the petition.

Respondent-candidate filed a designating petition for the above noted public office containing 2255 signatures. Thereafter, on April 8, 2024, each petitioner-objector filed with the respondent Board of Elections in the City of New York (Board) a general objection in their own name, and, on April 15, 2024, at 3:01 p.m., each objector filed separate, but aside from their names and addresses, identical specifications of objections with the Board.[1] These specifications of objections identified Howard Graubard, Esq., as each petitioners-objector's contact person and stated that "[t]he objector submits the following specifications in support of the General Objection to the designating petition for" the respondent-candidate, and specifically identified the petition volumes at issue. On the same

_____

[1] The time and dates noted herein are shown by the Board's time and date stamps visible on the documents submitted to the court (see NY St Cts Elec Filing [NYSCEF] Doc Nos. 12 & 16).

2

[*2]

date, at 3:02 p.m., petitioners-objectors filed with the Board a UPS Shipment Receipt dated April 15, 2024, for a "next day delivery" from Howard Graubard, Esq., to Benjamin J. Lieberman, at a residential address in Brooklyn. This receipt showed an expected delivery date of April 16, 2024, and that the package had a billable weight of five pounds. In addition, "KG 73/74," which are the specification identification numbers the Board assigned to petitioners-objectors' respective specifications of objections, was handwritten on the receipt.

Based on the petitioners-objectors' specifications of objections, Board personnel reviewed the respondent-candidate's designating petition and prepared a preliminary clerk's report indicating that there were 870 valid signatures in the designating petition, which is 630 fewer than needed for placement on the ballot for this office (*see* Election Law § 6-136 [2] [c]). Both petitioners-objectors and the respondent-candidate thereafter appeared by counsel at the Board's Commissioners' hearing conducted on April 23, 2024.[2] At the hearing, counsel for respondent-candidate stated that he did not have any exceptions to the clerk's report. However, respondent-candidate's counsel did object to the service of the specifications of objections on the ground that the cover sheets for the two objectors were attached to one set of specifications of objections in a single envelope and that the proof of service made it impossible to tell which specifications were served on the

---

[2] The facts of what occurred at the meeting are taken from the parties' respective papers, which essentially recount what occurred at the meeting, and the court's review of the video of the meeting posted on the Board's website of which this court can take judicial notice (*see Lin v Banko*, 219 AD3d 1510, 1512 [2d Dept 2023]; *Maisto v State of New York*, 154 AD3d 1248, 1251 n4 [3d Dept 2017]; *Matter of LaSonde v Seabrook*, 89 AD3d 132, 137 n8 [1st Dept 2011], *lv denied* 18 NY3d 911 [2012]; *Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 19-21 [2d Dept 2009]).

3

[*3]

respondent-candidate. The Board's Commissioners agreed with this argument, ruled the objections to the designating petition invalid, and placed the respondent-candidate on the ballot for the June 25, 2024, Republican primary.

Following the Board's meeting, the respondent-candidate made the instant motion to dismiss, arguing that the Board properly rejected the petitioners-objectors' specifications of objections filed with the Board and, as such, the petitioners-objectors no longer had standing to challenge the respondent-candidate's designating petition in court. In this regard, the court initially notes that if the Board correctly rejected petitioners-objectors' objections on the ground that petitioner-objectors failed to comply with the statutory service requirements, petitioner-objectors would not have standing to continue this proceeding (*see Matter of Sgambati v New York City Bd. of Elections*, 224 AD2d 564, 564 [2d Dept 1996]; *Matter of Margolis v Larkin*, 39 AD2d 951, 951-952 [2d Dept 1972], *affd* 30 NY2d 876 [1972]; *see also Matter of Nicolai v Kelleher*, 45 AD3d 960, 963-964 [3d Dept 2007]). The court further notes that it has no authority to review and rule upon the specifications of objections on a de-novo basis as there is no petitioner-aggrieved candidate who is a party to this proceeding. However, just as a candidate in an Election Law 16-102 proceeding has standing to seek judicial review of the Board's actions in rejecting their designating petition based upon an alleged cover sheet defect (*see Matter of Hayon v Greenfield*, 109 AD3d 920, 921 [2d Dept 2013]; *Matter of Krance v Chiaramounte*, 87 AD3d [2d Dept 2011]; *Matter of Magelaner v Park*, 32 AD3d 487 [2d Dept 2006]), an objector has standing to seek judicial review of the Board's actions in rejecting their specifications of objections based upon an alleged defect in service or otherwise (*see*

4

[*4]

*Matter of Van Stockum v. Castine*, 218 AD2d 915, 916 [3d Dept 1995]). Accordingly, the court must determine whether the Board's action in rejecting petitioners-objectors' specifications of objections based upon the alleged service defect was proper. The court notes that other than a submission of a letter (NYSCEF Doc. No. 17), the Board has not appeared in this action to defend its actions in rejecting the specifications of objections.

Election Law § 6-154 (3) (b), which sets forth the requirements relating to the service of specifications of objections, provides, in relevant part that, "No specifications of objections to any petition . . . will be considered unless the objector filing the specifications personally delivers or mails by overnight mail a duplicate copy of the specification to each candidate for public office named on the petition . . . Proof of service shall accompany the specifications or be received by the end of two business days following the filing of the specifications, whichever is later."

Also relevant to the determination here are the Board's Designating Petition & Opportunity to Ballot Petition Guidelines for Primary Elections (Guidelines), which, in addition to repeating the requirements of Election Law § 6-154 (3) (b), provide, as is relevant, that:

"Acceptable proof of service includes either:

i.  An affidavit duly notarized from the person who either personally served the specifications or who duly mailed the specifications by overnight mail (stating who was served, when they were served, what was served, and by what means); or

ii.  An overnight mailing receipt (including date and time) from the delivery service showing the name and address of the overnight mail recipient.

. . . "Proof of service of specifications must identify the specification it is related by either:

i.     Including the borough and General Objection/Specification number on the proof of service; or by

ii.    Attaching the proof of service to a copy of the first page of the specification). Such proof of service must be filed in person at the Executive Office of the Board, 32 Broadway, 7th Floor, New York, N.Y. 10004" (Board Guidelines H7 & H8).

In addressing the parties' contentions, this court finds that the petitioners-objectors have satisfied the statutory requirement that the "objector filing the specifications personally delivers or mails by overnight mail a duplicate copy of the specification to each candidate for public office named on the petition" (Election Law § 6-154 [3] [b]). Here, the objectors jointly mailed one set of specifications of objections to the candidate via UPS overnight mail. Indeed, there is nothing in the express language of Election Law § 6-154 (3) (b) that suggests that it is improper for two objectors, who are aligned and relying on the identical specifications of objections before the Board, to serve their specifications of objections in a single overnight delivery. Such a view of section 6-154 (3) (b) is supported by the statutory rule of construction providing that, unless suggested otherwise by the context of the language or the object of the statute, words in the singular number include the plural (*see People v Mitchell*, 38 NY3d 408, 414 [2022]; *see also* General Construction Law §§ 35, 110). As such, the word "objector" in the statute can be read in the plural, and under the circumstances herein where objectors acting together rely on identical

6

[*6]

specifications of objections, serving respondent-candidate in a single mailing is not violative of the Election Law § 6-154 (3) (b).

Importantly, in addressing this issue, this court notes that respondent-candidate makes no assertion that petitioners-objectors failed to serve him with what was filed with the Board or that he was actually confused as to what was served on him. Based on the papers filed with the Board, this court finds that the service of two specifications of objections cover sheets, which rely on the same identical set of specifications would not have been confusing to a person receiving the papers, especially since each objector here indicated that their objections consisted of the "following specifications" which accompanied the single volume of 293 pages of specification sheets in the mailing envelope.

Even assuming that the Election Law § 154 (3) (b) must be read to require each objector to separately serve copies of their specifications of objections, the Board's finding that both objectors failed to comply with that section was incorrect since, arguably, at least one of the objectors here individually served the respondent-candidate. Furthermore, any finding that the second objector failed to properly serve the respondent-candidate is of no consequence since the objectors' specifications of objections were identical.

Contrary to respondent-candidate's assertion and the Board's finding, the proof of service here also complies with the requirements of Election Law § 154 (3) (b). Given that the statute itself does not indicate any particular means of showing proof of service, this court is not inclined to find that a receipt from a shipping provider would be insufficient to serve as such proof. Moreover, the UPS Shipment receipt showed that the objectors,

7

[*7]

through the contact person identified on their specifications of objections, had mailed the documents to respondent-candidate with an expected overnight delivery.[3] Since this receipt had the date and time of the overnight mailing and had written on it the specification numbers assigned by the Board, it also complies with the Board's own Guidelines for acceptable proof of service (Guidelines §§ H7 & H8).

Accordingly, the court finds that the Board improperly found petitioners-objectors' service of their specifications of objections to be defective. Furthermore, given that counsel for respondent-candidate specifically stated at the Commissioners' meeting that he had no exceptions to the clerk's report showing that he had 630 fewer valid signatures than the 1500 signatures required to be placed on the ballot, the Board should have confirmed the clerk's report based on the specifications of objections. The Board thus erred in placing respondent-candidate on the ballot. Therefore, the petition to invalidate is granted, respondent-candidate's designating petition is declared invalid, and his name should be removed from the ballot for the June 25, 2024 Republican primary (see *Matter of Van Stockum v Castine*, 218 AD2d 915, 916 [3d Dept 1995]).[4] Additionally, respondent-candidate's motion to dismiss is denied.

---

[3] Given that the statute itself does not indicate any particular means of showing proof of service, this court is not inclined to find that a receipt from a shipping provider would be insufficient to serve as such proof.

[4] In view of the Board's finding that service of the specifications of objections was invalid, and its placing respondent-candidate on the ballot, this court's determination effectively reverses the Board's determination within the meaning of Election Law § 16-102 (2). Thus, respondent-candidate has three business days from the date of this order to commence a proceeding to validate pursuant to Election Law § 16-102 (2).

8

[*8]

Accordingly, it is

**ORDERED** that petitioners-objectors' invalidating petition is granted; and it is further

**ORDERED** that respondent-candidate's motion to dismiss is denied; and it is further

**ORDERED** that the Board shall remove respondent-candidate Benjamin J. Lieberman's name from the ballot for the public office of Judge of the Civil Court of the City of New York, from Kings County, City and State of New York, Assigned Vacancy #11, in the June 25, 2024, Republican Primary Election.

This constitutes the decision, order and judgment of the court.

ENTER

_____

J.S.C.

HON. PETER P. SWEENEY, J.S.C.

9

[* 9]