Chinea v Chinea (2025 NY Slip Op 50323(U))

[*1]

Chinea v Chinea

2025 NY Slip Op 50323(U)

Decided on March 12, 2025

District Court Of Suffolk County, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2025
District Court of Suffolk County, Sixth District

Marie Chinea, Petitioner,

against
Richard Gary Chinea, ET AL., Respondents.

Index No. LT-561-24/BR

Attorneys for Petitioner
Alan M. Davis, Esq.
1048 Old Country Road
Westbury, New York 11590
Respondents Pro Se
Richard Gary Chinea
Amanda Reardon

Patricia M. Blake, J.

On February 28, 2024, Petitioner herein, Marie Chinea (hereinafter, "Petitioner"), commenced this action against Respondents herein, Richard Gary Chinea, and Amanda Reardon (hereinafter, "Respondents"), to recover possession of the real property located at 24 Tonopan Street, Mastic, New York 11950 ("Subject Premises") and for a money judgment.
After presiding over a trial on February 5, 2025, this Court makes the following findings of fact and conclusions of law and issues the following Decision and Order:
I. Summary of Trial
A. Petitioner's Evidence
During trial, Petitioner Marie Chinea testified that she bought the Subject Premises in a foreclosure sale. (See Exhibit 1, Certified Deed, dated February 19, 2017). She further testified that she transferred ownership of the property to her daughter, Caroline Chinea, and retained a life estate for herself. (See Exhibit 2, Certified Deed, dated March 27, 2024). 
Petitioner further testified that, in or around February 2023, she entered into an oral agreement with her son, Richard Chinea, and his wife (her daughter-in-law), Amanda Reardon, the Respondents. Pursuant to the agreement, the Respondents were to live at the Subject [*2]Premises and were supposed to pay the mortgage from February 2023 through February 2025. According to Petitioner, Respondents were to pay her one thousand four hundred and fifty ($1,450.00) dollars per month, so she could pay the mortgage, but the Respondents never paid a cent. There was no written lease. According to Petitioner, at an unspecified time, the property went into foreclosure again, and her daughter, Caroline Chinea, paid sixty-four thousand ($64,000.00) dollars to take it out of foreclosure. The Petitioner testified that she served notice of failure to pay rent on the Respondents on or around January 9, 2024. (See Petition at p. 2, Sixth Paragraph). She also served 14-day rent demand on or around January 18, 2024. (See Petition at p. 2, Sixth Paragraph). Petitioner testified that the outstanding balance for the two years of non-payment or monthly rent in the amount of one thousand four hundred and fifty ($1,450.00) dollars per month is thirty six thousand two hundred and fifty ($36,250.00) dollars. Petitioner's attorney moved to amend the petition to seek a money judgment in that amount.
In support of the Petitioner's case, she introduced the following exhibits into evidence: (1) Exhibit 1, Certified Deed, dated February 19, 2017 and (2) Exhibit 2, Certified Deed, dated March 27, 2024.
B. Respondents' Evidence
Respondent Richard Chinea testified that his mother, Petitioner Marie Chinea, sold the house in 2014 and gave him one thousand five hundred ($1,500.00) dollars to leave. Some time later, she then came to him and his wife and asked them to move into the house. Respondents did so, and then paid the mortgage directly, and performed maintenance on the house from February 2023 through February 2024. For the past year, however, Respondents have not paid rent or the mortgage, because Respondent Richard Chinea was in a car accident. According to the Respondents, this is "not a Landlord-Tenant situation" because Respondents never had a lease. Respondent Richard Chinea stated that he made several improvements to, and maintained, the property. Respondents admitted they were never on the deed.
II. Findings of Fact
Based on the credible evidence submitted during trial, this Court finds that Petitioner Marie Chinea purchased the Subject Premises by quitclaim deed from Goshen Mortgage REO in or about February 19, 2017. (See Exhibit 1, Certified Deed, dated February 19, 2017). In or around March 27, 2024, she transferred ownership of the property to her daughter, Caroline Chinea, and retained a life estate for herself. (See Exhibit 2, Certified Deed, dated March 27, 2024). 
In or around February 2023, Petitioner Marie Chinea entered into an oral agreement with her son, Richard Chinea, and his wife (her daughter-in-law), Amanda Reardon, the Respondents. Pursuant to the agreement, the Respondents were to live at the Subject Premises and were supposed to pay the mortgage from February 2023 through February 2025. Respondents were to pay Petitioner one thousand four hundred and fifty ($1,450.00) dollars per month, so she could pay the mortgage. There was no written lease. Respondents admitted they did not pay anything over the past year. While Respondents claimed they made payments directly to the mortgage company in 2023-2024 time frame, and claimed that they expended funds to improve and/or [*3]maintain the property, they produced no proof of the same.
Petitioner served notice of failure to pay rent on the Respondents on or around January 9, 2024. (See Petition at p. 2, Sixth Paragraph). She also served 14-day rent demand on or around January 18, 2024. (See Petition at p. 2, Sixth Paragraph).
Thus, this Court finds that (1) the Petitioner had a life estate with respect to the Subject Premises beginning on or about March 27, 2024, and (2) the Petitioner entered into an oral lease with the Respondents in or about February 2023.
III. Conclusions of Law
First, this Court concludes that the Petitioner, as a life tenant, had the right to rent the property.[FN1]
 Courts have long recognized that a life tenant has both rights and obligations associated with a fee owner of real property. Thus, a life tenant is entitled to "possession, control, and enjoyment of the property for the duration of his or her life." Kurek v Luszcyk, 51 Misc 3d 19, 20, 28 NYS3d 550, 551 [App Term 2015]. "A life tenant can lease property to a tenant, subject to his life estate, and collect rents." In re Strohe, 5 Misc 3d 1028(A), 799 NYS2d 164 [Sur Ct, Nassau Cnty 2004] (citing Matter of O'Donnell, 240 NY 99 [1925])).
Second, this Court concludes that there was an oral rental agreement in this case, and that such oral agreement is valid— but only to the extent that the agreement was for a lease term of less than one year. Courts have held that "[t]he relation of landlord and tenant is always created by contract, express or implied...." (Stern v Equit. Tr. Co. of New York, 238 NY 267, 269 [1924]). Contracts to rent property (lease agreements), "achieve[] two ends, to wit: the conveyance of an estate in real property from lessor to lessee, and the delineation of the parties' rights and obligations pursuant thereto." Bhatti v Goings, 65 Misc 3d 1231(A), 119 NYS3d 825 [NY Civ Ct 2019] (citing 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509 [1979]). Courts have further held that "all the essential [rental] terms must be agreed upon, including the area to be leased, the duration of the lease, and the price to be paid." Id. at 1231(A) (citing Davis v Dinkins, 206 AD2d 365, 366-67 [2d Dept 1994]).
Oral or verbal rental agreements are valid in certain circumstances. General Obligations Law ("GOL") § 5-703 ("Statute of Frauds") provides: "An estate or interest in real property, other than a lease for a term not exceeding one year ... cannot be created, granted... unless by act or operation of law, or by a deed or conveyance in writing..." A lease agreement for a term of more than one year must be in writing to satisfy the Statute of Frauds. Moreover, the failure of a lease to state a term creates an at-will tenancy which is not barred by the statute of frauds. (See Sawicka v Schwimmer, 187 AD3d 957, 959, 130 NYS3d 711, 712 [2d Dep't 2020]) (citing Wang Jia v Kang, 161 AD3d 463, 465, 77 NYS3d 20 [1st Dep't 2018]).
In this case, the Petitioner testified that she and the Respondents had an oral lease pursuant to which the Respondents were to pay one thousand four hundred and fifty ($1,450.00) dollars per month (in either rent or mortgage). The Respondents admitted that they lived at the Subject Premises from at least February 2023 through February 2025 in exchange for paying [*4]either rent or the mortgage, and further concede that they failed to make payments for one year. Neither party testified to the agreed upon term of the lease. To the extent the lease term was indefinite, the oral agreement violates the Statute of Frauds.
Accordingly, this Court concludes that the Petitioner and Respondents had an oral lease pursuant to which the Respondents were to pay one thousand four hundred and fifty ($1,450.00) dollars per month (in either rent or mortgage). This Court deems the lease to have been for no more than one year in compliance with the Statute of Frauds. Finally, this Court rejects the Respondents' contention that they had an ownership interest in the Subject Premises because such contention is contradicted by the two deeds entered into evidence.
By reason of the foregoing, it is hereby:
ORDERED, that a judgment of possession is awarded to Petitioner;
ORDERED, that a money judgment in the amount of seventeen thousand and four hundred ($17,400.00) dollars is awarded to the Petitioner.
ORDERED, that a warrant of eviction shall issue against the Respondents. Such warrant shall be stayed for 14 days from the date of this Order.
This shall constitute the decision and Order of the Court.
Dated: March 12, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE

Footnotes

Footnote 1: It is undisputed that Petitioner, as the owner, could rent the Subject Premises from February 19, 2017 until March 27, 2024.