Matter of Vizzini v Vizzini-Oswald (2025 NY Slip Op 03730)

Matter of Vizzini v Vizzini-Oswald

2025 NY Slip Op 03730

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-05740
 (Index Nos. 522761/17, 522762/17, 522763/17)

[*1]In the Matter of Tina M. Vizzini, etc., petitioner- respondent, 
v
Gina Vizzini-Oswald, appellant, Charles Vizzini, et al., respondents-respondents, et al., respondent.

Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York, NY (Charles T. Scott, Jeffrey H. Sheetz, and Gina M. Ciorciari of counsel), for petitioner-respondent.
Margaret Stanton, Brooklyn, NY, for respondent-respondent Charles Vizzini.

DECISION & ORDER
In three related proceedings pursuant to CPLR article 77 for judicial construction of trust documents, Gina Vizzini-Oswald appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 1, 2020. The order, insofar as appealed from, granted those branches of the petition in Proceeding No. 1 which were to authorize the sale of certain property held by the Vizzini Family Trust and to distribute the proceeds to the remainder beneficiaries, and granted those branches of the petition in Proceeding No. 2 which were to authorize the sale of certain property held by the Eleonora Maria Vizzini Living Trust and to distribute the proceeds to the beneficiaries.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The petitioner, Tina M. Vizzini, commenced these three related proceedings, inter alia, for judicial construction of the terms of two trust instruments that created two trusts, the Vizzini Family Trust (hereinafter the family trust) and the Eleonora Maria Vizzini Living Trust (hereinafter the living trust). The petitioner is the grantor and sole trustee of the family trust. The family trust owns a limited liability company that, in turn, owns a two-family house that was formerly owned by the petitioner's grandparents. The living trust was established by Eleonora Maria Vizzini, as grantor. The living trust owns a limited liability company that, in turn, owns a multi-unit apartment building. The petitioner and her siblings, Gina Vizzini-Oswald (hereinafter the appellant) and Charles Vizzini, are the successor cotrustees of the living trust.
In the first petition, the petitioner sought, inter alia, to construe the terms of the family trust to allow her, as trustee, to sell the house and to distribute the net proceeds to the remainder beneficiaries, consisting of herself and her two siblings. The second petition sought, among other things, to construe the terms of the living trust to allow a majority of the three successor cotrustees to sell the apartment building and to distribute the proceeds to the three cotrustees/beneficiaries. In [*2]an order dated July 1, 2020, the Supreme Court, inter alia, granted those branches of those petitions which were to authorize the sale of the two properties and to distribute the proceeds, based on its interpretation of the terms of the trust agreements and pursuant to RPAPL 1601 and 1602. This appeal ensued.
"It is well settled that 'the trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself'" (Matter of Chase Manhattan Bank, 6 NY3d 456, 460, quoting Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267). "When construing a will or trust, the primary objective is to ascertain the intent of the grantor and effectuate the will's purpose" (Matter of Reynolds, 40 AD3d 320, 320).
As the Supreme Court properly determined, the family trust instrument did not grant to the remainder beneficiaries life estates. The "'substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life'" (Torre v Giorgio, 51 AD3d 1010, 1011, quoting Matter of Carey, 249 AD2d 542, 544). The family trust instrument did not expressly grant to the remaindermen the right of exclusive use and occupancy of the home.
Further, Article First, Section E, of the family trust instrument expressly authorized the trustee to terminate the trust and to distribute the trust corpus to the remaindermen after the death of the lifetime beneficiary, which occurred in 2012. Pursuant to Article Tenth of the instrument, the trustee was granted the "complete authority to alienate, withdraw, transfer funds and/or real property held by th[e] trust." These provisions are inconsistent with the grant to the remaindermen of a life estate. Consequently, the instrument did not confer upon the remaindermen life estates (see Matter of Reynolds, 40 AD3d at 321; see also Torre v Giorgio, 51 AD3d at 1011). Moreover, given the provisions expressly authorizing the trustee to sell real and other property and to terminate the trust, the Supreme Court properly authorized the trustee to sell the house (see Matter of Reynolds, 40 AD3d at 321; see also Torre v Giorgio, 51 AD3d at 1011).
The Supreme Court properly interpreted the living trust instrument to allow a majority of the successor cotrustees to sell the apartment building. Article 2 of the living trust instrument allowed the trustees to pay certain debts from the principal and income of the trust corpus. Article 15 of the instrument empowered the trustees to "sell, exchange, lease . . . or otherwise dispose of all or any part of the property" held by the living trust, and to "hold, manage and dispose of any real property or interest therein in such manner as to the Trustee shall seem advisable."
In addition, it is undisputed that a majority of the successor cotrustees, comprised of the petitioner and her brother, wish to sell the apartment building. As the living trust instrument contains no provision requiring unanimity, a majority of the trustees may take such action (see EPTL 10-10.7). Thus, the Supreme Court properly interpreted the living trust instrument to allow a majority of the successor cotrustees to sell the apartment building (see Massey-Hughes v Massey, 200 AD3d 1684, 1686; Matter of Arline J. [James J.—Falasco], 174 AD3d 604, 606). Moreover, contrary to the appellant's contention, the court did not dissolve or wind up the limited liability company that owned the apartment building; consequently, the requirements for a judicial dissolution were not applicable (see generally Limited Liability Company Law § 702).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court